PER CURIAM.
This is an appeal from a compensation order determining compensability and the identity of the employer, and awarding compensation benefits. We affirm because we find the deputy did not err in concluding that claimant’s accident arose out of and in the course of her employment. We conclude also, on cross appeal, that appellant was correctly identified as the responsible employer.
The order reads in pertinent part:
... [Sjometime in the spring or early summer of 1982, fraudulent checks written to Smiling Jack’s were unknowingly received by another clerk.
As a result of her employment duties, claimant came into physical possession and custody of the checks.... During the police investigation, claimant turned the checks over to a police officer....
... [A]n assistant state attorney ... testified the subpoena was issued to claimant solely because of checks accepted by Smiling Jack’s....
On 9/14/82 while in Bartow attempting to follow the mandate of the subpoena, claimant tripped and fell outside the Hall of Justice....
*86 Grimsley Oil took over several Smiling Jack’s stores on 8/1/82, including the one at which claimant was employed....
... [M]r. Ivey was claimant’s supervisor under both employers.... [C]laimant stated she was unaware when Grimsley Oil took over the store....
Based on all the evidence, I find claimant to be an employee of Smiling Jack’s on 9/14/82 for purposes of Chapter 440 proceedings. I further find that claimant’s injuries on that date arose out of and in the course and scope of that employment.
The sole reason claimant was in Bartow was pursuant to a subpoena which would not have been issued to her but for her employment with Smiling Jack’s.... Although the legal issues presented are complex and novel, the presumptions of Chapter 440 and recent appellate decisions mandate the result. It is obvious claimant’s employment with Smiling Jack’s created a hazard from which her injury arose. Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981), Pet. for rev. den., 402 So.d 610 (Fla.1981). I also note the causative factors occurred during the time and space limits of claimant’s employment with Smiling Jack’s. Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla.1980)....
This type situation appears to have been contemplated by the Court in Strother when it quoted Larson, Workmen’s Compensation Law, for the following proposition:
The time bomb, so to speak, is constructed and started ticking during working hours; but it happens to go off at a time and place remote from the employment. The hazards of the employment, whether the animosity of a fired employee, a needle-like shaving in the eyebrow, or dynamite cap in the pocket, follow the claimant beyond the time and space limits of his work, and there injure him.
383 So .2d at 626.
Affirmed.
WENTWORTH and JOANOS, JJ., concur.
THOMPSON, J., dissents with written opinion.