THOMPSON,
Judge, dissenting.
I dissent.
The deputy commissioner found that the claimant was an employee of Smiling Jack’s Markets, and, relying on Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981), pet. for rev. den., 402 So.2d 610 (Fla.1981) and Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla.1980), found that her injury arose out of and in the course of her employment. If applicable those cases would be controlling, but they are not even remotely similar factually to this case. In both Jenkins and Strother the claimant was an actual employee at the time the injury occurred. In the instant case the claimant was not an employee of Smiling Jack’s Markets at the time the injury occurred, and had not been for more than six weeks prior to the injury.
In Strother our Supreme Court stated: We hold that to be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances. This latter factor may be proved by showing that the causative factors occurred during the time and space limits of employment. (Emphasis supplied.)
383 So.2d at 628. In holding that the claimant’s accident and injury arose both out of her employment and in the course of her employment the Strother court further said:
Thus, employing this test, we hold that Strother’s injury is compensable. There is no issue that the injury sustained as a result of the assault arose out of employment. Furthermore, it had its genesis at the place of employment since the assailants were actually on the business premises, casing it so to speak, and, then when Strother left, they followed her home and there assaulted her and robbed *87 her of her purse which they thought contained the cafeteria’s cash receipts. The time bomb began ticking while she was on the business premises and during working hours.
Id. While the injury in this case may have arisen out of claimant’s employment, it did not occur in the course and scope of claimant’s employment. There is no continuity of time, space, and circumstances as required by Strother. As pointed out by the court in Strother that injury had its genesis at the place of employment since the assailants were actually on the business premises, casing it, and when Strother left they followed her home and assaulted her and robbed her of her purse. In the instant case claimant was injured while going to a location in response to a subpoena by an assistant state attorney. The action of the assistant state attorney in issuing the subpoena was not and could not be controlled by Smiling Jack’s Markets. Smiling Jack’s Markets had not been the employer of the claimant for more than six weeks and had no means to compel or even encourage the claimant to comply with the subpoena.
In Jenkins the court held that the claimant’s injury from an assault in a parking lot leased by her employer arose out of and in the course and scope of her employment because as a result of her employment the claimant was more susceptible to an attack since she stayed late at work on the afternoon in question and as a consequence was alone in the parking lot at a late hour. In Jenkins, as in Strother, there is no factual similarity with this case. As a consequence of working late for her employer Jenkins was alone in her employer’s parking lot at a late hour. In the instant case the claimant was not even employed by Smiling Jack’s. She was not injured on premises owned or leased by Smiling Jack’s and she was not at the place of injury as a result of any action by Smiling Jack’s. On the contrary, she was at the scene of her accident as a result of the subpoena by the state. In Jenkins there was continuity of time, space, and circumstances as required by Strother, but this cannot be said of the case sub judice.
I would reverse the order appealed and dismiss the claim.