KANNER, Acting Chief Judge.
The insurance carrier, asserting that the -fatal accident which befell Fernand M. Phily, deceased employee of Seabreeze Industries, Inc., did not arise out of and in the course of the employment, controverted the claim for dependency benefits brought ■pursuant to section 440.16, Florida Statutes, F.S.A., on behalf of the widow and three ■minor children of the deceased. By order Tendered December 10, 1958, the deputy •commissioner denied the dependency benefits ; and by order entered June 4, 1959, the full commission reversed this ruling, holding that the deputy had erred in his application of the law to the facts of the cause. 'Consequently, the carrier and the employer Lave petitioned for writ of certiorari.
While enroute to his place of employment ■on July 8, 1958, the employee was killed ■when he was struck by a train at a railroad •crossing at N. E. 45th Street in the City of Fort Lauderdale at 7:53 a. m., seven min■utes before he was to report for work. He was not on a mission of the employer at ■the time; his car was not being used in ■connection with the employer’s business, and gas and maintenance for the automobile were not supplied by the employer.
The railroad involved is the Florida East ■Coast Railway, which runs in a northerly-■southerly direction through the City of Fort Lauderdale. The employee’s home was ■east of the railroad track, and the shop where he was employed was about one ■quarter mile west of the track. In traveling between these two points the employee '•had to cross the tracks, although employees ■residing west of the railroad could reach ithe shop by use of the public roads without .so doing. The route followed by the employee on the day he was killed crossed the railroad track at N. E. 45th Street, then intersected Dixie Highway, a main four-lane thoroughfare running between the railroad and the shop, then continued along 45th Street to the shop.
This route, used by the public, was not the only route the deceased could have taken. In addition to an alternate route of the same or of a slightly shorter distance, a number of more circuitous routes are disclosed by a map of the city, all of the available routes being public roads. Had the employee chosen the shortest alternate route, he could have crossed the railroad at N. E. 31st Street, turned north on Dixie Highway to 45th Street, thence west to the shop. At the time he was hired, the employee was advised by his immediate supervisor about the location of the shop and of the alternate routes thereto, although he was not ordered to use any particular course of travel but was free to choose optional ways.
The deputy commissioner found, in the main: that the railway crossing at N. E. 45th Street and the Florida East Coast Railway tracks was not a hazardous crossing peculiar to the plant of the employer and to the employees, but that it constituted, rather, a situation to which the general public of Fort Lauderdale was exposed; that the employee was not directed or ordered to use any particular route; that the route the employee was traveling at the time he was killed was on a public roadway separated from the shop, one quarter mile away, by a main thoroughfare, and that an optional route was available to the employee. He concluded that the crossing involved was not a means of ingress or egress to the employer’s shop; and that the accidental death of the employee did not arise out of and in the course of his employment, but was attributable to factors affecting the general public.
The determinative question of the case is whether the deputy commissioner erred in the application of the law to the *56 facts. Basically, the deputy commissioner is the trier of the facts; and the full commission, as the reviewing body, is required to adhere to his findings of fact unless there is no competent substantial evidence to sustain them. The duty rests on the full commission to determine whether the findings of the deputy are supported by the record, and, if so, to determine whether his order is correct under the law. Naranja Rock Co. v. Dawal Farms, Fla.1954, 74 So.2d 282; and United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
At this juncture we observe that the deputy commissioner found, “ * * * that deceased was not ordered or directed by his employer to travel to work by way of the route on which he was killed. Deceased was free to take optional routes available to him.” The full commission found, « * * * the employee was using this particular route as a result of directions given to him by his immediate supervisor.” Both the petitioners and the respondents have construed this as meaning that the commission found the employee had been directed to use the particular route upon which he was traveling when killed. The petitioners assert that this finding was contrary to the finding of the deputy commissioner and that, since competent substantial evidence sustained the commissioner’s finding, the full commission should have adhered to it. If the quoted finding of the full commission was intended to be interpreted as the parties have construed it, we must say, nevertheless, that there was competent substantial evidence to support the specific finding of the deputy commissioner as quoted; and the full commission was thus bound to this finding.
Although the claimant widow cited a number of authorities, the principal case relied upon is that of Naranja Rock Co. v. Dawal Farms. The deputy commissioner concluded that the Naranja case did not control the factual situation here. However, the full commission, determining otherwise, held that the particular crossing constituted a special hazard, thereby becoming, under the Naranja case, a hazard of the employment.
A general rule applicable to employees having fixed hours and place of work is that the hazards they encounter while proceeding to or returning from their place of work, while off the premises of their employer, are not ordinarily incident to the employment; therefore, injuries resulting from such hazards are not compensable as arising out of and in the course of the employment. 58 Am.Jur., Workmen’s Compensation, section 217, p. 723; and Larson’s Workmen’s Compensation Law, section 15, p. 194. There are several well-recognized exceptions to this general rule, however, the most common of these being, as expressed in section 15.13, p. 197, Larson’s Workmen’s-Compensation Law, that if the off-premises-point where the injury occurred lies on the only route or at least on the normal route the employees must use to reach their work,, the hazards of the route become the hazards-of the employment.
The Florida Supreme Court applied this particular exception in the Naranja case, stating the principle thus:
“Where there is a special hazard on a normal route used by an employee as a means of entry to and exit from his place of work, the hazards of that route under appropriate circumstances become the hazards of the employment.” [74 So.2d 286.] (Emphasis supplied.)
However, the court in the Naranja case recognized that there cannot exist any precise formula by which all cases of that type may be automatically solved. Whether a given accident is related or incident to the business of the employer must depend upon and be governed by its own particular circumstances as to whether the injury arose out of and in the course of the employment. See also Indian Creek Coal & Mining Co. v. Wehr, 1920, 74 Ind.App. 141, 127 N.E. 202, 128 N.E. 765; General Steel Castings Corp. v. Industrial Commission, 1944, 388 Ill. 66, 57 N.E.2d 454; and Atta *57 way v. Fidelity & Casualty Co. of New York, La.App.1949, 39 So.2d 632.
As might be expected, cases following this exception to the off-premises rule, many of which are cited by the claimant, embody various factual situations under which the injuries were held as compensable.
One such case is that of Cudahy Packing Co. of Nebraska v. Parramore, 1923, 263 U.S. 418, 44 S.Ct. 153, 154, 68 L.Ed. 366, 30 A.L.R. 532, wherein the employee’s death resulted from an accident at the intersection of a county road and a railroad track located a short distance from the plant to which the employee w,as enroute to work. The particular railroad served the plant and was adjacent to it, and the county road which crossed it was the only practicable means of ingress and egress for employees. The United States Supreme Court stated:
“Whether a given accident is so related or incident to the business must depend upon its own particular circumstances. No exact formula can be laid down which will automatically solve every case. The fact that the accident happens upon a public road or at a railroad crossing, and that the danger is one to which the general public is likewise exposed is not conclusive against the existence of such causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree.”
Similarly, in the case of Bountiful Brick Co. v. Giles, 1928, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402, the route followed by the employee, although the most convenient route to the employer’s place of business, was not the only one. Again, the railroad tracks, from which the place of business was served by a spur track, were ■adjacent to the place of employment, and the employees, with the knowledge and implied consent of the company, crossed the tracks in different places on their way to ■and from work.
In the case of Attaway v. Fidelity & Casualty Co. of New York, supra, the deceased employee was following one of the customary, though not the only, means of ingress and egress to and from the employer’s premises. The accident occurred on a railway adjacent to the premises of the employer and within a few hundred feet of the plant’s entrance.
The last three mentioned cases were cited by the Supreme Court as support for the rule of law adopted in the Naranja case. There are other similar cases. See Judson Mfg. Co. v. Industrial Accident Commission, 1919, 181 Cal. 300, 184 P. 1; Christian v. Chicago & Illinois Midland Ry. Co., 1951, 342 Ill.App. 656, 97 N.E.2d 576; Procaccino v. E. Horton & Sons, 1920, 95 Conn. 408, 111 A. 594; and Doyle v. Penton Lumber Co., La.App.1952, 56 So.2d 774.
There are other off-premises cases, on the other hand, wherein the respective injuries were held as non-compensable. One such situation is found in the case of Industrial Commission of Ohio v. Baker, 1933, 127 Ohio St. 345, 188 N.E. 560, 561, a case similar factually to the one here considered. The employer in that case had no control over the traffic or means of travel used by th'e employee. As the employee was driving to work in his automobile over a country road used generally by the public, the shortest route to the plant, he was killed at a railroad crossing one quarter of a mile from the entrance of his employer’s place of business. The court said:
“Baker had no duties whatever to perform for his employer before reaching the plant, and his travel over the public highway, which was a much-traveled road, was not different from that of the general public using such highway. Baker was therefore in the discharge of no duty connected with his employment at the time of his injury. Pie was at the time not within the zone of his employment, and the hazard which he encountered was not growing out of the conditions or en *58 vironments of his employment or in any wise under the control of his employer.”
Without giving synopses of the facts, we cite the following cases relating to the off-premises rule, under which the respective claims were held not compensable: General Steel Castings Corp. v. Industrial Commission, 1944, 388 Ill. 66, 57 N.E.2d 454; Tucker v. Daniel Hamm Drayage Co., Mo.App.1943, 171 S.W.2d 781; Miller v. State Compensation Commissioner, 1943, 126 W. Va. 78, 27 S.E.2d 586; Williams v. Compensation Commissioner, 1942, 124 W.Va. 238, 20 S.E.2d 116; and Leveroni v. Travelers’ Ins. Co. (Fumiciello’s Case), 1914, 219 Mass. 488, 107 N.E. 349.
In an annotation contained in 50 A.L.R.2d 363, section 6, p. 385, there is the introductory statement to the cases cited that in nearly all cases where it appeared that the injuries happened while the employee was crossing railroad or streetcar tracks on a public way as he was traveling to and from work, it has been determined or recognized that such injuries did not arise out of and in the course of his employment within the contemplation of workmen’s compensation acts, at least if the tracks were not in close proximity to the premises of the employer.
We have cited certain off-premises cases wherein claims have been held compensable, and others wherein they were held not com-pensable. A purpose of this is to demonstrate some of the various situations under which these respective decisions have been applied and to emphasize the rule herein-before stated, that “no precise formula can be effected which will automatically solve every case,” but that each case must depend upon its own circumstances.
In determining whether the rule expressed in the Naranja case is applicable to the case here reviewed, we have set out précis of some of the well known compen-sable and non-compensable off-premises cases and have cited others. Against this background we now examine and analyze comparatively the factual circumstances involved in both the Naranja case and the present case.
In the Naranja case, the employee, who had been engaged in work on the premises of the employer, was injured when he, on implied authority and with the intention to return, left the employer’s premises in his automobile to go for coffee and to seek shelter, since heavy rains caused cessation of work. The road which the employee used was unimproved. It adjoined the employer’s premises; and, although it had been dedicated for public use, it was used primarily for access to the employer’s premises and was a normal and usual means of ingress-egress, although another exit was available. The workman was injured when, hampered visually by the rainstorm, he ran into a tree which was to the right of the road. The Supreme Court pointed out that the injury occurred “ * * * by reason of a particular hazard existing in the roadway 'immediately adjacent to the premises of his employer.” [74 So.2d 287.] (Emphasis supplied).
We observe significant factual dissimilarities in the present case. The accident occurred at a railroad intersection of a public road which was in heavy use by the general public. Neither the railroad track, its right of way, nor the place of accident was adjacent to the employer’s premises; there was a wide, four lane public highway running parallel to the railroad and located between the railroad and the place of work; the place of employment was about a quarter of a mile away down a public street which intersected the highway as well as the railroad. Alternate routes over public roads were available, one about the same distance or slightly shorter than the one on which the employee was killed. He was not ordered to use any particular route, but, rather, he was free to choose any route.
We conclude that the railroad crossing as depicted in this case did not constitute a special hazard to the route used by the employee as a means of going to and *59 from the employer’s plant so as to become a hazard of the employment. There was competent substantial evidence to sustain the ruling of the deputy commissioner. Therefore, the petition for certiorari is granted and the order of the full commission is quashed; and the cause is remanded with directions to enter an order in conformity herewith affirming the order of the deputy commissioner.
SHANNON, J., and SPOTO, I. C., Associate Judge, concur.