PER CURIAM.
This cause is before us on petition for writ of certiorari to review the Order of the Full Commission reversing the Order of the deputy.
The deputy dismissed the claim on the ground that claimant’s injury did not arise out of and in the course of her employment. The Commission, one member dissenting, reversed and remanded, holding the claim compensable.
Petitioner contends the Full Commission has substituted its findings for those of the deputy and that the Order of the deputy is supported by competent and substantial evidence. We agree. There is no evidence to support the Commission’s find *435 ing that claimant was required to park in the vacant lot across the street from her employer’s place of business. The dissenting Commissioner correctly stated:
“The evidence is clear and uncontra-dicted that the vacant lot was not the premises of the employer. The mere fact that the employee had no other place to park her car and that she was told she could use the vacant lot across the street from the hotel for parking space, was purely for her benefit. There is nothing in the workmen’s compensation law which contemplates that an employer must provide parking facilities, however crowded the area may be where his activities are conducted. Even if the employee had to walk several blocks or miles from the nearest parking area, the workmen’s compensation law does not contemplate placing a burden on the employer to assume liability for his employees who are injured going to and from work and the nearest parking area.”
The case is clearly within the “going and coming” rule.[1]
In view of the foregoing the Order of the Full Commission is quashed and the cause remanded with directions to reinstate the Order of the deputy.
CALDWELL, C. J., and THOMAS, DREW and THORNAL, JJ., concur.
ERVIN, J., dissents with opinion.
WHITE, Circuit Judge (Retired), dissents and concurs with ERVIN, J.

. General Development Corp. v. Kelley, 159 So.2d 471 (Fla.1964); Bowen v. Keen, 154 Fla. 161, 17 So.2d 706 (1944). Seabreeze Industries v. Phily, 118 So.2d 54 (Fla.App.1960).