CARLTON, Justice.
In this Workmen’s Compensation case, the determinative issue is whether or not the claimant-petitioner was on company property when he was assaulted. The Judge of Industrial Claims ruled that a portion of city street had been utilized by Consolidated Box Company sufficiently to constitute “quasi-company property,’’ and that an assault on claimant occurring on the street gave rise to a compensable claim. The Full Commission reversed, with one member dissenting. Through our opinion today, we reverse the Commission and reinstate the Order of the Claims’ Judge.
*435 Consolidated Box’s premises were intersected by a small section of city street, which was used in part as a company parking lot. On the night of January 24, 1969, after punching out on the timeclock, claimant walked over to the intersecting street where his car was parked. He found that the tires were slashed. As he attempted to change one of the tires, he was assaulted and shot.
A claim for compensation was filed on the theory that the incident occurred while claimant was still on company property. Consolidated Box and its carrier resisted the claim with the argument that the “going and coming” rule applied. See generally, Alpert Florida Workmen’s Compensation Law, § 8:2; I Larson Workmen’s Compensation Law, § IS.
The Judge of Industrial Claims ruled in favor of claimant after making the following findings:
“(a) The undersigned believes the testimony of the Employee and other Co-employees in that they considered Horatio Street, a street between two parts of the premises of the Employer, as part of the Employer’s premises, in that it had been used completely by the Employer for its materialmen for loading and unloading and other attendant and collateral benefits for the Employer.
“(b) That the pictures in evidence placing the Employee’s automobile within one-half foot of the building on Horatio Street clearly puts this automobile partially on the Employer’s property, in that the Employer had introduced a survey in evidence showing that the west side of the building on Horatio Street, that being the warehouse, was 3.1 feet from the right-of-way called Horatio Street owned by the City of Tampa and the distance from the right-of-way, or Horatio Street and the building line on the east side of the building was 1.75 feet. The survey further conclusively proved that the platform and steps on the east side of the building had definitely encroached upon Horatio Street, and that further, the little building that housed a compressor and which was built subsequent to the accident was 6x8 feet and encroached on Horatio Street some 5 to 6 feet.
“(c) The testimony of the Employer and its Vice-President clearly showed that the small section of Horatio Street separating two parts of-the premises, or two buildings or warehouses of Consolidated Box, had been in effect taken over by .the Employer and that they had paved large sections or ramps across Horatio Street in order for their forklift to drive from one building to the next building.
“(d) The testimony was uncontrovert-ed that this street was used only for the Employer’s materialmen and for their benefit, and at no time did the traveling public ever use this small section of Horatio Street between the two parts of the premises of the Employer, and that further this small section of Horatio Street more-or-less deadended at the railroad track on the east side of these two warehouses.
“(e) The testimony further clearly showed that the Employer, Consolidated Box Company, attempted to purchase this small section of Horatio Street from the City of Tampa, however, were disallowed this privilege because of certain right-of-way privileges for the electric and water companies, however, that the Employer was granted permission at its own expense to pave sections of this street so that their forklifts could run from one building to the next and over and across the said Horatio Street, and thereby in effect having actually taken over this section of Horatio Street as part of the premises of Consolidated Box Company.
“(f) The fact that the Employee, after having punched out at 12:06 A.M. on the date of the accident was crossing from one building over to the other building, *436 crossing Horatio Street, and finding his car’s rear tire was slashed by unknown persons and that the Claimant clearly testifying that he attempted to fix said tire when he was attacked and assaulted by three unknown assailants, and as he defended himself was shot twice causing him to run to the warehouse platform door and falling on the said entrance, yelling for help from an independent guard who had been hired by the Employer for just such purposes.
“(g) The fact that as the. Employee went across Horatio Street and attempted to fix the tire on his automobile, part of said automobile definitely being on company property and the balance on property for all intents and purposes taken over by the company, that the employee was performing a service growing out of an incidental to his employment. That the fact that Horatio Street between the two parts of the Employer’s premises was used exclusively for the benefit of the Employer and therefor was a component and integral part of the Employer’s property.”
The Commission reversed, saying in part:
“We must agree with the position of the employer and carrier. The evidence is clear and unequivocal that the thoroughfare on which the employee had parked his automobile belonged to the City of Tampa and was available for use by the public. Notwithstanding the many findings in which the judge attempts to show that this thoroughfare was a part and parcel of the employer’s premises, the evidence is nonetheless clear that it was still a thoroughfare and part of the street system of the City of Tampa. In other words, it was not part of the employer’s premises.”
In our opinion, the findings of the Judge of Industrial Claims amply supported his judgment in favor of claimant. The evidence indicated that while legal title reposed in the City of Tampa, Consolidated Box Company had encroached upon it to the extent that the status of the street became a factual issue. The Judge having based his Order upon competent, substantial evidence as to the character of the street and the compensability of the claim, the Commission erred in reversing the Order.
Accordingly, certiorari is granted, the Order of the Industrial Relations Commission is quashed, and the cause is remanded with directions to reinstate the Order of the Judge of Industrial Claims.
Petitioner-claimant’s petition for attorney fees is granted in the amount of $250.-00, in consideration for the effort expended by counsel prior to his withdrawal from this case.
It is so ordered.
ERVIN, Acting C. J., and ADKINS and McCAIN, JJ., concur.
BOYD, J., dissents.