294 So.2d 309 (1974)
HENDERSON'S PORTION PAK and Employers Self Insurance Service, Petitioners,
v.
Nilda COTERA and the Florida Department of Commerce, Industrial Relations Commission, an Administrative Agency, Respondents.
No. 44666.
Supreme Court of Florida.
March 27, 1974.
Rehearing Denied June 5, 1974.
*310 R.E. Hodges, Miller & Hodges, Coral Gables, for petitioners.
Peter S. Schwedock, Pelzner & Schwedock, Miami, for respondents.
McCAIN, Justice.
This cause comes before this Court on a petition for writ of certiorari and we have jurisdiction pursuant to Article V, Section 3(b) (3), Florida Constitution, F.S.A.
The facts show that the claimant, Nilda Cotera and others, paid a driver to take them to work each morning. On the morning in question, the driver dropped the claimant off between 6:20 and 6:30 a.m. at the entrance to the Ted Marr Plumbing Company lot and drove off. The claimant started across the debris strewn lot and, because of the darkness, stumbled over some plumbing fixtures and fell, sustaining fractures to her left foot. The lot in question was not part of the employer's premises but was in fact owned and controlled by Marr Plumbing. The claimant was en route to a section of the Marr Plumbing building situated at the rear of the lot and rented by her employer being used by the employees as a lunchroom and storage area for the employees' personal effects. The claimant testified that on her first day on the job, Mr. Gomez, her supervisor, had taken all the new employees to the peeling plant via that lot. She further testified that she had never been advised not to use that route and, in fact, her supervisor, Mr. Gomez, had often, since her employment commenced, seen employees arriving by that route.
Mr. Gomez testified that prior to the accident he had advised the employees not to use the lot as a thoroughfare but to use the street on the opposite side of Marr Plumbing. This route was roughly 30 feet longer if the employees were dropped off at the same place, and considerably shorter if the driver proceeded down the unpaved street. (See attached illustration)
This case arises out of an injury sustained on the private premises or way of one other than the employer, and not on the employer's premises or on a public way. Therefore many of the cases cited by both parties are inapplicable to the case at bar.[1] We are presented with the situation where an employee crosses a debris strewn lot adjacent to the employer's premises, on her way to work, sustaining an injury to her left foot when she tripped and fell.
*311 The JIC made the following findings of fact resolving the doubts that existed in favor of the claimant.[2]
"There has been testimony presented by both sides, that on behalf of the Claimant to the effect that neither she nor some of the co-workers, had ever been warned prior to the accident to take the back route rather than the front way, and of course that from the carrier to the effect that Mr. Gomez, the supervisor, had forewarned them; however, none of the testimony by the carrier indicated that the claimant, Mrs. Cotera was ever so forewarned, ..."
"I have also considered the testimony of Mr. Marr to the effect that when he leased part of the premises of his building to the Employer, that he wished the employees to use the back way to enter their place of work. ..."
"... The great weight of the testimony shows that almost all of the workers used the front way, to enter their place of work, ..."
"... Actually, Mr. Gomez was there on many mornings when the girls arrived the front way and no warning was ever given to Mrs. Cotera or her other witnesses, that this was not the proper way to enter the premises." (Emphasis supplied)
Coupling these findings with the facts that it was dark and the area was strewn with debris, the JIC determined that it constituted a "special hazard." The IRC affirmed.
Historically the decisions in other jurisdictions dealing with this problem have split: imposing liability on the employer stressing the employer's permission to use the route,[3] and denying liability emphasizing that the route was one of the employee's choosing.[4]
The view taken in Florida is best represented by the opinion rendered in El Sirocco Motor Inn, Inc. v. Prekop, 207 So.2d 434 (Fla. 1968):
"... There is no evidence to support the Commission's finding that claimant was required to park in the vacant lot across the street from her employer's place of business. The dissenting Commissioner correctly stated:
"`The evidence is clear and uncontradicted that the vacant lot was not the premises of the employer. The mere fact that the employee had no other place to park her car and that she was told she could use the vacant lot across the street from the hotel for parking space, was purely for her benefit. There is nothing in the workmen's compensation law which contemplates that an employer must provide parking facilities, however crowded the area may be where his activities are conducted. Even if the employee had to walk several blocks or miles from the nearest parking area, the workmen's compensation law does not contemplate placing a burden on the employer to assume liability for his employees who are injured going to and from work and the nearest parking area.'
"The case is clearly within the `going and coming' rule."
We find no distinction resulting from the conclusion drawn from the factual circumstances surrounding this injury and the foregoing case cited and neither the parties herein nor the orders appealed from have given good reasons to deviate from this established rule.
*312 We are not unmindful of our decision in Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla. 1954) but that case is clearly distinguishable on the facts. The employee there was forced to stop working because of the weather, and struck a tree on a public thoroughfare after leaving the premises of his employer. Naranja therefore falls within that class of cases earlier exempted because of the situs of the accident.
For the reasons set out above, the decisions of the JIC and IRC are reversed and the cause is remanded for entry of an order in keeping herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and CARLTON (Retired), JJ., concur.
ERVIN and DEKLE, JJ., dissent.

NOTES
[1] Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 (1923), arose out of an automobile-train collision occurring on a public road which led, and passed adjacent to the employer's packing plant. Seabreeze Industries, Inc. v. Phily, 118 So.2d 54 (Fla.App. 1960), arose out of an automobile-train collision on a public roadway used by the general public and not the exclusive method of ingress and egress to the employer's shop. Attaway v. Fidelity & Casualty Co of New York, 39 So.2d 632 (La. App. 1949), arose out of a public thoroughfare accident.
[2] Florida Game & Fresh Water Fish Comm. v. Driggers, 65 So.2d 723, 725 (Fla. 1953).
[3] Roberts' Case, 124 Me. 129, 126 A. 573 (1924); Corvi v. Stiles & R. Buck Co., 103 Conn. 449, 130 A. 674 (1925); Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507 (1927).
[4] Kent v. Virginia-Carolina Chemical Co., 143 Va. 62, 129 S.E. 330 (1925); Dambold v. Industrial Commission, 323 Ill. 377, 154 N.E. 128 (1926); Anderson v. Chicago, B & Q R.R. Co., 250 Ill. App. 92 (1928).