397 So.2d 773 (1981)
Ernest JENKINS, Esquire, and American Mutual Insurance Company, Appellants,
v.
Jane E. WILSON, Appellee.
No. WW-45.
District Court of Appeal of Florida, First District.
May 4, 1981.
*774 Kenneth L. Olsen of Miller, Mckendree & Somers, Tampa, for appellants.
Jeffrey R. Fuller, Williams, Earle, Brasfield & Wertz, St. Petersburg, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from the deputy commissioner's order finding that appellee/claimant's injury arose out of and in the course and scope of her employment. We affirm.
Appellee was employed by appellant law firm as a secretary. She usually arrived at work before 9 a.m. and left by 5:30 p.m. On September 15, 1978, she left work about 5:50 p.m. after the other employees were gone. She went out of the building, as always, by the rear door. An alley separated the building from the parking lot where her car was parked. The parking lot was leased by employer for the exclusive use of its employees. As appellee crossed the alley and was about to get into her car, she was accosted by an unknown assailant who abducted her from the premises and then raped her. Although the assailant was apprehended and convicted, his motive for selecting appellee as his victim remains unknown. Appellee filed this workers' compensation claim against employer, seeking compensation for physical and psychiatric injuries.
The deputy commissioner found that, although employer's employees were not required to park their cars in the parking lot in question, it was beneficial to the employee and to the employer that employees use that parking facility; that employer knew that appellee did park her car in that parking area during the working day; that if appellee had not been employed by employer on the date in question, appellee would not have been on the premises at the time the incident occurred and, therefore, the assault and rape would not have occurred; that, therefore, the assault and rape occurred as a direct result of appellee's employment and, therefore, all of the injuries sustained by appellee as a result of the assault and rape did arise out of and were in the course of her employment. He thereupon found the claim to be compensable.
Appellants concede that appellee was injured by accident "in the course of" her employment, but they assert on appeal that the injury did not "arise out of" her employment, and, therefore, is not compensable, pursuant to § 440.09, Florida Statutes. However, in Fernandez v. Consolidated Box Company, 249 So.2d 434 (Fla. 1971), an employee was assaulted as he attempted to fix the tire on his automobile, which was parked on a public street that ran between two sections of the employer's premises. The deputy commissioner found that the public street upon which the car was parked was part of the employer's premises and that, when attacked, the employee was performing a service growing out of and incidental to his employment. The Supreme Court found that competent substantial evidence sustained the deputy commissioner's finding as to the character of the street and the compensability of the claim.
Appellants attempt to distinguish the Fernandez decision on the ground that there the court did not discuss the "arising out of" aspect of the claim. Nevertheless, by ruling as it did, the court implicitly found that under those circumstances, the injury "arose out of" the employment. Similarly, competent substantial evidence supports a finding in this case that the injury arose out of appellee's employment.
Appellants rely on Walk v. S.C. Orbach Company, 393 P.2d 847 (Okl. 1974), which involved a female employee being assaulted and robbed as she walked across the parking lot where all employees were required to park their cars. The court, while conceding that she was injured by accident "in the course of" her employment, denied her claim on the basis that she was not injured by accident "arising out of" her employment in that there was no evidence to show that the work environment increased the risk of assault or that the assault was motivated *775 by something related to her employment. The court declared that for an injury to have arisen out of the employment, it must be apparent that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury.
The Walk decision also indirectly supports affirmance in this case. Competent substantial evidence has established that appellee's employment created a hazard from which her injury arose. She stayed late at work on the afternoon in question and, as a consequence, was alone in the parking lot at that later hour. Therefore, as a result of her employment, she was more susceptible to such an attack.
Having found competent substantial evidence to support the deputy commissioner's ruling, we affirm.
SMITH, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.