498 So.2d 659 (1986)
DOCTOR'S BUSINESS SERVICE, INC. and General Accident Insurance Company, Appellants,
v.
Barbara S. CLARK, Appellee.
Nos. BE-449, BH-117.
District Court of Appeal of Florida, First District.
November 20, 1986.
*660 J. Dixon Bridgers, III, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, for appellants.
William J. Millsap of McKenzie & Associates, P.A., Pensacola, for appellee.

ON REHEARING EN BANC
SMITH, Judge.
Upon motion of appellee, Barbara S. Clark, the court has determined to grant rehearing en banc pursuant to Florida Rules of Appellate Procedure 9.331(c) and to substitute this opinion on rehearing for the panel's opinion previously issued. The majority of the court en banc is of the view that the deputy commissioner was correct in ruling that Barbara S. Clark, who was *661 injured on a public sidewalk while proceeding from the employer-owned parking lot to the entrance of her employer's office building, suffered a compensable accident under the Florida Workers' Compensation Act. We therefore affirm.
The employer, Doctor's Business Service, which processes billings for doctors, is closely associated with an accounting firm which has an office nearby, on the same block. The two businesses share a computer. The normal route for the employees between the two businesses, which are only a few doors apart, is the city sidewalk. The businesses also share an employee parking lot which is owned by Doctor's Business Service. The lot is located in the same block but is around the corner from the employer's office. There is no entrance to the employer's business from the parking lot as it is not contiguous to the business premises. The most direct and usual path to and from the parking lot requires the employees to walk on the public sidewalk.
Upon returning from her lunch break on April 19, 1984, Clark parked in the employer-owned parking lot and proceeded to the employer's office on the public sidewalk. She slipped on the sidewalk near the entrance to the employer's business injuring her left ankle and both knees. According to her undisputed testimony, her fall was caused by a misstep on a rough and uneven part of the public sidewalk. The deputy commissioner ruled that Clark's injuries, which occurred on a public sidewalk while she was taking the most direct route between two portions of the employer's premises were compensable and constituted an exception to the going and coming rule, citing 1 A. Larson, The Law of Workmen's Compensation, § 15.14 (1985) and Horrobin v. Parkway General Hospital, IRC Order 2-3340 (1978). The deputy recognized that the result would have been different had the claimant not used the company parking lot and accidentally fallen on the sidewalk outside her place of employment. Greenberg v. Creative Group Advertising, 6 F.C.R. 281 (1968).
In a second order, answering points raised by the employer/carrier in their motion for rehearing, the deputy explained his reasoning thusly:
A quick review of Larson's treatise, indicates that injuries occurring on the premises during a regular lunch hour arise in the course of employment and have been determined compensable in almost every jurisdiction. Although a superficial analysis of the situation might lead one to the conclusion that lunch hour accidents are not related to the employee's work, more penetrating study has led most courts and legal scholars to the opposite conclusion. The personal needs of the claimant are considered important in maintaining an efficient worker. A hungry worker is not considered desirable in these enlightened times. Thus compensation has been awarded employees who are injured while engaging in such incidental acts as eating, drinking, sleeping, resting, washing, smoking, seeking fresh air, or trying to get either warm or cool. 1A Larson's Law of Workmen's Compensation § 21.10.
Once one accepts the idea that on premises accidents are compensable, it is then necessary to ascertain the boundaries of the premises. As discussed in depth in Larson's treatise, accidents occurring going to and from work are generally held not compensable for practical reasons and not for any particularly conceptual prohibition against such liability. The act of getting to work in the morning or returning to work after lunch is conceptually "work related." Why else would an employee undertake to leave his or her home each day? Considering the fact that millions of workers are involved in travel to and from work each day and are subjected to the hazards of the highway, the system could not afford to cover the thousands of accidents which routinely occur. Add to that the enormous difficulty of determining the compensability of claims involving the homeward journey when millions of workers scatter in all directions to engage *662 in shopping and the like; it becomes clear that the premises rule is a practical solution to a difficult problem. There is little doubt that the public sidewalk or street between two parts of the business premises is considered part of the premises for workers' compensation purposes. Fernandez v. Consolidated Box Co., 249 So.2d 434 (Fla. 1971). There is no doubt that the direct route between a company owned or leased parking lot is considered "on premises" for the purposes of workers' compensation coverage. Jenkins v. Wilson, 397 So.2d 773 (1st DCA Fla. 1981) and Horrobin v. Parkway General Hospital, IRC 2-3340 (1978).
Although it may seem conceptually strange to hold an employer responsible for an accident occurring on a public sidewalk during lunchtime, the practical considerations outweigh the intellectual ones. It must be remembered that the act is basically no-fault in nature. The employer's liability has nothing to do with fault. Liability is based on the employment relationship. So it is that the negligent claimant is entitled to benefits against the totally innocent employer. As previously noted the key element in establishing benefits in this case is the company-owned parking lot. The parking lot extends the employer's premises to include the direct route to and from the office. Had the claimant used public parking and sustained the same accident in the same location, she would not have been covered for workers' compensation purposes. Greenberg v. Creative Group Advertising, 6 F.C.R. 281 (1960). (footnotes omitted)
We find the deputy's order well-reasoned and his conclusion justified under the facts and applicable law.
Under the "going and coming" rule, the hazards encountered by an employee while he is going to, or returning from, his regular place of work are not ordinarily incidental to the employment, and injuries resulting from such hazards do not arise out of and in the course of the employment. 57 Fla.Jur.2d, Workers' Compensation, § 90. However, as to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable, but if the injury occurs off the premises, it is not compensable. This is known as the premises rule. 1 A. Larson, The Law of Workmen's Compensation, § 15.00 (1985). This rule is subject to several exceptions, underlying which is the principle that course of employment should extend to any injury which occurred at a point where the employee was within the range of dangers associated with the employment. Id. Some of the most notable exceptions permitting recovery are: (1) special hazards on normal route; (2) travel between two parts of employer's premises; and (3) area where injury occurred actually used by the employer for his purposes. Id., § 15.00, et seq. As can be seen from the following discussion of cases, Florida follows the premises rule and adheres to its exceptions.
Florida decisions agree that an injury is deemed to have occurred in the course of employment if it is sustained by a worker, on the employer's premises, while preparing to begin a day's work or while doing other acts which are preparatory or incidental to performance of his or her duties, and which are reasonably necessary for such purpose. City of St. Petersburg v. Cashman, 71 So.2d 733 (Fla. 1954) (claimant who fell and was injured as she entered City Hospital to begin work was doing something necessarily incidental to such work and was "engaged in employment" the moment she entered the hospital premises); and Johns v. State Department of Health and Rehabilitative Services, 485 So.2d 857 (Fla. 1st DCA 1986) (employee, who customarily arrived twenty to thirty minutes early, who was waiting to begin her shift at hospital in the lobby normally used by employees when she was assaulted by a hospital patient, and who had no reason for being in the lobby other than a desire to be punctual at work, which purpose *663 is reasonably incident to her employment, was in the course and scope of employment at the time of her assault). In Greenberg v. Creative Group Advertising, 6 F.C.R. 281 (1968), although the Industrial Relations Commission denied the claimant's claim on the grounds that she had not entered the employer's premises when she slipped and fell on the public sidewalk at the entrance of the hotel where her employer's office was located, it recognized the rule that an employee going to and from his work while on the premises where his work is to be performed and within a reasonable time before and after working hours is presumed to be in the course and scope of his employment.
Further, Florida courts have followed the majority of jurisdictions in construing the exception to the premises rule for special hazards on a normal route. This exception provides that where there is a special hazard on a normal route used by an employee as a means of entry to and exit from his place of work, the hazards of that route under appropriate circumstances become the hazards of that employment. In Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla. 1954), the claimant ran into a tree on an unimproved road which ran parallel to and adjoining the premises of Naranja during an enforced lull in work. The court found that the claimant had implied permission to leave the employer's premises and was injured by reason of a particular hazard existing in the roadway immediately adjacent to his employer's premises, which hazard became a hazard of his employment and thus his accident was compensable.
This court recently applied the "special hazard" exception in Petroske v. Worth Avenue Burger Place, 416 So.2d 856 (Fla. 1st DCA 1982). There, the claimant stepped in a pot hole in the driveway which abutted her employer's business and through which she normally entered to go to work, and was injured. Her injuries were held to be compensable though the driveway was not the sole route to her place of employment, and notwithstanding the fact that the accident occurred on a site not owned by her employer and which was used by other tenants in the building which housed her employer's business. The court concluded that the pot hole constituted a special hazard on an access route which was served primarily to provide entry and exit to the claimant's place of employment.
We note that the "special hazard" exception has been found not to apply under particular facts. In Seabreeze Industries, Inc. v. Phily, 118 So.2d 54 (Fla. 2d DCA 1960), cert. den., 122 So.2d 407 (Fla. 1960), the court ruled that the fatal accident to the claimant, suffered by him on his way to work in his own car at a railroad intersection of a public road in heavy use by the general public and located about a quarter of a mile from the employer's premises, did not arise out of and in the course of employment where alternative routes were available to the claimant and he was free to choose any route.
Another exception to the premises rule  that which permits recovery for an injury occurring in an off-premises place which is brought within the "zone and environments" of the employment when it is habitually utilized for the purposes of the employer  was applied by the court in Fernandez v. Consolidated Box Company, 249 So.2d 434 (Fla. 1971). See 1 A. Larson, The Law of Workmen's Compensation, § 15.22(c) (1985). There, the employee was assaulted as he attempted to repair the tire on his automobile, which was parked on a public street that ran between two sections of the employer's premises. The issue, the court determined, was whether or not the street could be considered to be a part of the employer's premises. The court ruled that the evidence that the portion of the city street where the accident occurred was not in fact used by the traveling public, but was used only for the employer's benefit, justified the deputy's conclusion that the street was a component and integral part of the employer's property, even though legal title to the street still reposed in the City of Tampa.
Finally, and most pertinent to the case before us, we turn to the exception *664 permitting recovery for injuries received by employees traveling between two parts of the employer's premises and the Florida cases which impact on this exception. Preliminary to this discussion, however, we refer to significant cases dealing with the meaning of "premises." The great majority of jurisdictions consider parking lots owned by the employer or maintained by the employer for his employees to be part of the employer's premises. 1 A. Larson, The Law of Workmen's Compensation Law, § 15.42(a) (1985). Florida decisions follow the majority rule and permit recovery for injuries occurring in the employer's parking lot. Evans v. Food Fair Stores, Inc., 313 So.2d 663 (Fla. 1975); and Horrobin v. Parkway General Hospital, IRC Order 2-3340 (1978). On the other hand, the court has denied recovery for injuries received in a parking area which is not owned or controlled by the employer. El Sirocco Motor Inn, Inc. v. Prekop, 207 So.2d 434 (Fla. 1968) (injury sustained by an employee when she slipped and fell in a vacant lot across the street from her employer's premises did not arise out of and in the course of her employment even though she had no other place to park her automobile and had been told she could use the vacant lot for a parking space).
Returning to the issue at hand, we are told that most courts in this country faced with the question have awarded compensation to an employee who is injured while traveling along or across a public road (or sidewalk) between two portions of his employer's premises. 1 A. Larson, The Law of Workmen's Compensation, § 15.14(a) (1985). Larson notes that since a parking lot owned or maintained by the employer is treated by most courts as part of the premises, most courts hold that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises. Id. at § 15.14(b). Larson explains:
By establishing or sponsoring a parking lot not contiguous to the working premises, the employer has created the necessity for encountering the hazards lying between these two portions of the premises. No such considerations apply to a trip to some bus stop or railway terminal or to some parking location on a public street over which the employer has no conceivable control.
Id. at § 15.12(b).
Although we find no Florida decision specifically addressing the precise issue in this case, Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981), offers some instruction. In Jenkins, the employee left work late from the rear door of her office. An alley separated the office from the parking lot, leased by the employer for the exclusive use of its employees, where her car was parked. As the employee crossed the alley and was about to get into her car, she was accosted by an unknown assailant who abducted her from the premises and raped her. On appeal, the employer/carrier conceded that claimant was injured "in the course of" her employment but argued that her injury did not "arise out of" her employment. They relied on an out-of-state case which denied recovery to a female employee who had been assaulted and robbed as she walked across the parking lot where all employees were required to park their cars, on the grounds that there was no evidence to show that the work environment increased the risk of assault or that the assault was motivated by something related to her employment. This court distinguished the case on the grounds that there existed a causal connection between Wilson's employment and her resulting injury, as Wilson stayed late at work on the afternoon in question, and as a consequence was alone in the parking lot at that late hour. In affirming the deputy's conclusion that Wilson's claim was compensable, this court implicitly affirmed the deputy's conclusion that the claimant, who was accosted as she crossed the alley between her place of employment and her employer's leased parking lot, was in the course of her employment.
The employer/carrier attempt to distinguish Jenkins, arguing that although compensation *665 was allowed for an injury occurring in a public alley between the employer's office and parking lot, it was only allowed because the employee had been required to work late and was subject to a "special" hazard. This argument misses the point. The employer/carrier have confused the concepts "in the course of" employment and "arising out of" employment.[1] In Jenkins, "in the course of" employment (the premises feature) was not in controversy. Instead, the case concerned the question of whether a criminal act (rape) by a third party resulting in injuries "arose out of" Wilson's employment. This court found the injury compensable, based on the fact that Wilson worked late on the afternoon in question and would not have encountered the rapist but for the employment. Although the case might better have been analyzed in terms of Wilson's employment entailing an aggravated risk of assault, 1 A. Larson, The Law of Workmen's Compensation, § 11.11(b) (1985), rather than as creating a "special hazard" (a term employed in premises cases), the result was the correct one. In any event, Jenkins surely cannot be said to hold that a claimant injured as she travels from one portion of her employer's premises to another may recover only if her injuries are due to a "special" hazard.
Finally, although not dealing with the premises rule, per se, we find the holding in Povia Bros. Farms v. Velez, 74 So.2d 103 (Fla. 1954), somewhat helpful. Povia involved an employee being furnished free transportation to and from work in the employer's conveyance. There, the court held that the injury sustained by the employee, when he was struck by a truck as he was crossing a public highway for purposes of boarding his employer's truck, arose out of and in the course of employment. In determining the question of coverage, the court considered two focal points: (1) "whether or not the transportation furnished by the employer can be considered incident to or a part of, the employment contract"; and (2) "whether or not the occurrence of the accident was, in turn, incidental to such transportation." Povia, 74 So.2d at 104. The court concluded that the employment contemplated the incident of being transported to and from work and that the crossing of the highway by claimant was an "incident of the transportation provided by the employer." The court held that coverage under the workmen's compensation law "commenced in this case from the moment the claimant began to cross the highway to board the truck which had stopped for him, since he was engaged, as [sic] least from that time forward, in an attempt to fulfill an order of his employer." Povia, 74 So.2d at 106. Similarly, the use of the employer's parking lot here can be considered incident to Clark's employment, and the occurrence of her accident, in turn, incidental to her use of the parking lot.
After a thorough review of the record and applicable law on the subject, we are satisfied that under the facts of this case the employer, by providing a parking lot which was not contiguous to its premises, created the necessity for Clark's encountering the hazards of the public sidewalk lying between these two portions of the premises and that her injuries are therefore compensable. As in other premises cases, the fact that this accident happened upon a public sidewalk over which the employer had no control, or that the danger is one to which the general public is likewise exposed, is not conclusive, since the operative inquiry is whether the danger is one to which the employee by reason of and in connection with her employment, is subjected peculiarly or to an abnormal degree. Seabreeze Industries, Inc., 118 So.2d at 57, citing Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 (1923).
In conclusion, we observe that the premises rule and its exceptions have been fairly universally and consistently applied by other *666 courts in this country and by the Florida courts. We agree, as noted by the deputy in his order, that the premises rule is a practical solution to a difficult problem.
AFFIRMED.
ERVIN, WENTWORTH, JOANOS, WIGGINTON and ZEHMER, JJ., concur.
BARFIELD, J., specially concurs with opinion.
WENTWORTH and JOANOS, JJ., concur with special concurring opinion of BARFIELD, J.
BOOTH, C.J., dissents with opinion.
MILLS, THOMPSON and NIMMONS, JJ., concur with dissenting opinion of BOOTH, C.J.
MILLS, J., dissents with opinion.
BOOTH, C.J., and SHIVERS, THOMPSON, and NIMMONS, JJ., concur with dissenting opinion of MILLS, J.
BARFIELD, Judge, concurring:
I concur in affirming the order of the deputy commissioner on what I had considered to be a relatively settled area of workers' compensation law. Compensability follows the deputy's finding that an injury occurred within the course and scope of employment and arose out of the employment. Apparently, conflict has arisen from the panel opinion, echoed in the dissents, which elevated the character, control or ownership of the premises to a principle of law rather than considering the status of the employee on the particular premises where the accident occurred.[1]
The character of the premises is only relevant in determining whether certain presumptions exist, as for example, if the employee is in the office building working where the employee is supposed to work during normal working hours, it will be presumed that the employee is in the course and scope of the employment. However, if the employee is off the premises, it is necessary for the deputy to determine whether the employee's presence at that particular location was within the course and scope of the employment. Whether the employer has control over the sidewalk in disrepair is immaterial.
I fear that this court's revisiting the issue addressed by the deputy will foster more litigation premised on the distinguishing characteristics of property.
BOOTH, Chief Judge, dissenting:
I would reverse the order below since the accident in question did not occur on the employer's premises but on a public sidewalk. None of the previously recognized exceptions to the coming and going rule are applicable. The employer cannot be required, and indeed is not allowed, to maintain and repair the public sidewalk, highway, or interstate which may run adjacent to his premises. The reason for a rule precluding liability in such situations is logical and fair, and should not be lightly overturned.
MILLS, Judge, dissenting:
I am of the view that the deputy commissioner was incorrect in ruling that Barbara S. Clark suffered a compensable accident under the Florida Workers' Compensation Act. I would reverse.
The employer, Doctor's Business Service, is a corporation located in Pensacola which processes billings for doctors. There is an employee parking lot owned by Doctor's Business Service. The lot is not contiguous to the business premises. The lot is located in the same block but is around the corner from the employer's office. The most direct and usual path to and from the parking lot includes a part of the public sidewalk.
Barbara S. Clark was a clerk for Doctor's Business Service. On 19 April 1984, Barbara Clark and a co-worker left the *667 employer's premises at noon on their lunch break. They utilized the co-worker's car to run a personal errand. They returned at approximately 12:40 p.m. and parked in the employer-owned parking lot.
As the employees proceeded from the parking lot to the office, they utilized the public sidewalk on Baylen Street which fronts Doctor's Business Service. Barbara Clark slipped on the public sidewalk near the entrance to her office and fell into the street, injuring her left ankle and both knees.
Barbara Clark filed a claim for medical and wage loss benefits pursuant to Chapter 440 of the Florida Statutes. General Accident Insurance Company on behalf of Doctor's Business Service filed notice to controvert.
Hearing was held on 3 December 1984. The deputy commissioner found the accident to be compensable under the Florida Workers' Compensation Law. This appeal followed.
The general rule is that hazards encountered while going to or returning from an employee's regular place of work are not ordinarily incidental to the employment. An employee injured while "going or coming" is generally not protected by the Workers' Compensation Law. Jacksonville Coach Company v. Love, 101 So.2d 361 (Fla. 1958).
Once the employee has entered the employer's premises, the going and coming rule is inapplicable. City of St. Petersburg v. Cashman, 71 So.2d 733 (Fla. 1954). An employer-owned parking lot may be considered part of the employer's premises. Evans v. Food Fair Stores, Inc., 313 So.2d 663 (Fla. 1975). Barbara Clark's accident did not occur at her office or at the parking lot. She was injured on the public sidewalk between the parking lot and her office. The key to this case is whether an injury occurring on a public sidewalk between two portions of the employer's premises is compensable under the theory that the sidewalk is an extension of the business premises.
The deputy commissioner found the injury to be compensable, citing 1 Larson, Workmen's Compensation Law, s. 15.14, for the following proposition: injuries which occur in a public place or other off-premises place between the office and the parking lot are considered to be in the course of employment and are almost always held to be compensable. The deputy commissioner went on to state that "[t]here is little doubt that the public sidewalk or street between two parts of the business premises is considered part of the premises for workers' compensation purposes," citing Fernandez v. Consolidated Box Co., 249 So.2d 434 (Fla. 1971). The deputy commissioner concluded by stating that "[t]here is no doubt that the direct route between a company-owned or leased parking lot is considered `on premises' for the purposes of workers' compensation coverage," citing Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981), and Horrobin v. Parkway General Hospital, IRC 2-3340 (Fla. 1978).
I do not find the deputy commissioner's conclusions to be supported by the law. While the Larson treatise does state that injuries occurring in a public place between two portions of the employer's premises are considered to be in the course of employment, there is a split of authority in the United States on this point. Many of the cases cited by Larson (and by Barbara Clark) are qualified by the presence of a "special hazard" encountered by the employee, a hazard that the employee would not have encountered but for the fact of employment.
The Florida cases cited by the deputy commissioner do not stand for the propositions put forward. Fernandez did not hold that a public street or sidewalk between two parts of the business are part of the premises. In Fernandez the employer had encroached by building ramps, a platform, and a building on a public street, with the result that the employer had actually taken over a section of the public street. In addition, there was evidence that the point where the employee was initially injured was definitely on the employer's property.
*668 Neither Jenkins nor Horrobin holds that the direct route between an employer's parking lot and other business premises is "on the premises." In Jenkins, compensation was allowed for an injury to an employee which occurred in a parking lot leased by the employer. Although the employee did cross a public alley after leaving the office, the injury was inflicted on the employer's premises. This case is further distinguished by the presence of a special hazard in that the employee had to work late and was alone in the parking lot. Horrobin was a "going and coming" case which did not deal with public streets or sidewalks, as the employee was injured on the employer's premises in a parking garage. In sum, of the materials cited by the deputy commissioner, only Larson's treatise supports the result in this case.
To be compensable an injury must arise out of and be in the course of employment. Section 440.02(14), Florida Statutes (1983).
To be compensable under Workers' Compensation Law, injury must arise out of employment in the sense of causation and be in course of employment in the sense of continuity of time, space, and circumstances; this latter factor may be proved by showing that causative factors occurred during the time and space limits of employment. Strother v. Morrison Cafeteria, 383 So.2d 623, 628 (Fla. 1980).
The burden is on the claimant to show that the injury arose out of and in the course of employment. Wallace v. Robert B. Ehmann, Inc., 7 FCR 64 (1972).
Barbara Clark has not shown that the injury arose out of and in the course of employment. What has been demonstrated is that the instant case falls under the going and coming rule. Barbara Clark's injury did not arise out of and in the course of employment but was "attributable to factors affecting the general public." Seabreeze Industries, Inc. v. Phily, 118 So.2d 54, 55 (Fla. 2d DCA 1960).
There is no precedent in Florida requiring this court to treat the public sidewalk between an employer's parking lot and office as part of the employer's premises. To so hold would subject the employer to virtually endless potential liability in an area over which he has no control.
[T]he workmen's compensation law does not contemplate placing a burden on the employer to assume liability for his employees who are injured going to and from work and the nearest parking area. El Sirocco Motor Inn, Inc. v. Prekop, 207 So.2d 434, 435 (Fla. 1968).
NOTES
[1] "Arising out of" refers to the origin or the cause of the accident, while the words "in the course of employment" refer to time, place, and circumstances under which the accident occurs. Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378 (1941).
[1] This position becomes "curiouser" when the dissenting authors' analysis is compared with their decision in Dade County School Board and Gallagher Bassett Insurance Service v. Cheryl Polite, 495 So.2d 795 (Fla. 1st DCA 1986).