KAHN, Judge.
The issue in this workers’ compensation ease is whether injuries suffered by appellant, Lois Anne Ryan, arose out of her employment with appellee, Boehm, Brown, Rig-don, Seacrest & Fischer, P.A. (Boehm, Brown). We find that the judge of compensation claims (JCC) erroneously focused upon the question of special hazard in his analysis. We reverse because determination of the issue in this ease depends upon an established exception to the going and coming rule, and does not involve a special hazard analysis.
Before her accident on September 15, 1993, claimant worked as a receptionist for the law firm of Boehm, Brown in Ocala for five years. The law firm leased a parking lot in order to provide parking spaces to employees, including claimant. The parking lot is not contiguous to the employer’s office building. As part of claimant’s morning routine, she walked from her parking space to the comer of N.E. 1st Street and N.E. 1st Avenue, where she crossed N.E. 1st Street. She then walked along N.E. 1st Avenue to a point where she crossed over N.E. 1st Avenue and proceeded to her offiee building at the comer of N.E. 1st Avenue and Silver Springs Boulevard. Her route occasionally varied, depending on traffic. On the day of the accident, claimant arrived at the parking lot at her normal time. She then crossed N.E. 1st Street and entered a restaurant, where she purchased a biscuit. After leaving the restaurant, claimant resumed her walk along N.E. 1st Avenue and crossed that street, although not at an intersection. She encountered the curb on the opposite side of N.E. 1st Avenue at approximately the same location she normally would have on any other day. As she attempted to step up on the curb, however, she tripped and fell on the sidewalk, causing injury to her teeth and left hand. The compensability question in this ease turns on whether claimant was in the course of her employment with Boehm, Brown at the time she fell.
Appellee Boehm, Brown contended that because the injury occurred on property not subject to the employer’s control and involved no special hazard sufficient to cause the accident, the claimant’s course of employment argument must be rejected. The JCC adopted appellee’s position on course of employment. The JCC focused upon whether any defective or hazardous conditions existed along the route taken by claimant and made the following findings:
In this case, the sole and proximate cause of the claimant’s injury appears to have been her failure to lift her foot high enough to cross a curb of apparently normal height after crossing the street on her way to work. The claimant subjected herself to the fall, and there was no proof that the curb was defective or in disrepair. Without that evidence, I find there is no proof that a normal curb on a public street constitutes a hazard, special or otherwise. ...
There was no proof submitted that there was any special hazard which caused or contributed to the complained of injury and/or accident.... I find the claimant’s fall was attributable to personal acts and was unrelated to her employment.... I specifically note that the result herein is factually based only in that I have made a finding that there was no flaw or defect in the street, curb or sidewalk in the area of the fall....
I find that there was no aceident/injuiy arising out of the claimant’s employment, no special hazard existing to bring the accident/injury within the ambit of employer responsibility, and that there was no danger to which the claimant was subjected to peculiarly or by reason of her connection with her employment.
As a general rule, “the hazards encountered by an employee while he is going to, or returning from, his regular place of work are not ordinarily incidental to the employment, and injuries resulting from such hazards do not arise out of and in the course of the employment.” Doctor’s Business Service, Inc. v. Clark, 498 So.2d 659, 662 (Fla. 1st DCA 1986) (en banc); Securex, Inc. v. Couto, 627 So.2d 595 (Fla. 1st DCA 1993). This principle is generally characterized as a “going and coming” rule. As the JCC recognized, the special hazard exception to the going and coming rule brings an off-premises injury within the course of employment on *496 proof that a special hazard on the normal route to or from employment caused the injury. Kash-N-Karry v. Johnson, 617 So.2d 791 (Fla. 1st DCA 1993), rev. denied 629 So.2d 133 (Fla.1993).
Competent substantial evidence supports the JCC’s finding of no special hazard. Appellant argues, however, that the special hazard exception does not control this case. Instead, she contends that because her injury occurred while traversing the distance between two distinct portions of the employer’s premises, and in a manner reasonably required by her employment, she was within the course of her employment without regard to the special hazard rule. We note that despite the employer’s argument to the contrary, the JCC rejected the notion that because claimant crossed N.E. 1st Street in the middle of the block, rather than at the corner, she engaged in a deviation “from her employment in such a way as to adversely affect her entitlement to benefits.”
We find that the special hazard rule, urged by appellees, only comes into play if a workers’ compensation claimant is otherwise outside the course of her employment. If, under the law and facts of a particular case, the claimant is within the course of employment at the time of her injury, no need exists to resort to the special hazard rule.
At the time of her injury, claimant was walking from her employer-provided parking space to the employer’s office building. No substantial deviation of claimant’s regular route occurred in this case. “There is little doubt that the public sidewalk or street between two parts of the business premises is considered part of the premises for workers’ compensation purposes.” Clark, 498 So.2d at 662, citing Fernandez v. Consolidated Box Co., 249 So.2d 434 (Fla.1971). “There is no doubt that the direct route between a company owned or leased parking lot is considered ‘on premises’ for the purposes of workers’ compensation coverage.” Clark, 498 So.2d at 662, citing Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981). As observed by then Deputy Commissioner DeMarko, whose order was approved by this court in Clark, “the parking lot extends the employer’s premises to include the direct route to and from the office.” 498 So.2d at 662.
In Clark, this court recognized three notable exceptions to the going and coming rule: “1) special hazards on (the) normal route; 2) travel between two parts of (the) employer’s premises; and 3) (the) area where the injury occurred was actually used by the employer for his purposes.” 498 So.2d at 662. As to the second exception, the one directly applicable in the present case, the Clark court observed, with citation to Jenkins v. Wilson, “Jenkins surely cannot be said to hold that a claimant injured as she travels from one portion of her employer’s premises to another may recover only if her injuries are due to a ‘special’ hazard.” 498 So.2d at 665.
The Clark court focused to some degree upon the supposed “rough and uneven part of the public sidewalk” encountered by claimant in that case. This reference to an apparently abnormal condition on the sidewalk did not constitute an integral part of the legal analysis of the Clark decision. Rather, Clark is squarely based upon the principle that an employee traveling from one portion of the employer’s premises, such as an employer provided parking lot, to another portion of the premises, such as the employer’s office, is not barred from workers’ compensation benefits during the time she is in between.
By virtue of the second Clark exception, claimant was in the course of her employment when she tripped on the curb. It matters not, then, whether the curb was itself defective or unusual in any regard. The fact is that Ryan had to cross the street in order to get from the parking lot to the office. For purposes of the legal analysis, her misstep on the curb does not differ from a trip on a step inside the employer’s office building. Again, referring to Judge DeMar-ko’s order which this court approved in Clark, “it must be remembered that the (workers’ compensation) act is basically no-fault in nature. The employer’s liability has nothing to do with fault. Liability is based on the employment relationship. So it is that the negligent claimant is entitled to benefits against the totally innocent employer.... [T]he key element in establishing benefits in *497 this case is the company owned parking lot.” 498 So.2d at 662.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER, C.J., and BARFIELD, J., concur.