995 So.2d 1107 (2008)
Carlos G. SILVA, Appellant,
v.
GENERAL LABOR STAFFING SERVICES, INC., and AIG Claims Services, Appellees.
No. 1D07-6404.
District Court of Appeal of Florida, First District.
December 2, 2008.
*1108 Ivan P. Morales of Morales & Dolan, Hialeah, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Michael J. Fichtel and Kimberly J. Fernandes of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Miami Lakes, and Peter J. Egan of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Panama City, for Appellees.
*1109 PER CURIAM.
Claimant challenges an order denying compensability of an injury he sustained outside his workplace, arguing it falls within either of two exceptions to the "premises rule." We affirm.

FACTS
Claimant worked for General Labor Staffing Services as a laborer for Symons Company. General Labor's office was in a strip mall located three to five miles from Symons. The record indicates that Claimant and his friend Martinez would carpool to General Labor, then take other workers from there to Symons. The two would arrive at General Labor at 6:00 a.m. and then wait in the parking lot for the other workers to arrive. General Labor had three or four benches inside its office, but there was no established policy for workers to wait inside. The workers would gather in the lot, then leave for Symons at 6:30 a.m. to be on their job site by 7:00 a.m.
General Labor would pay the driver, whether Claimant or Martinez, an additional three dollars per day for each person he transported. The driver would obtain a "time ticket" from General Labor, which was needed for all of the workers to be paid, and deliver it to Symons.
On September 25, 2006, Martinez drove. He and Claimant arrived at General Labor just before 6:00 a.m., and Martinez went inside to get the time ticket. Claimant went to purchase coffee from a lunch truck that was parked, as it normally was, in the parking lot of the strip mall. Just after 6:00 a.m., as he was getting coffee, Claimant was robbed and shot in the left cheek.

LAW
The premises rule is a means of determining whether an injury occurred in the course and scope of employment, as required for compensability under section 440.09(1), Florida Statutes (2006). Vigliotti v. K-Mart Corp., 680 So.2d 466, 468-69 (Fla. 1st DCA 1996). Under the rule, injuries are compensable if they occur on the employer's premises, and the employee has fixed hours and a fixed place of work.[1]Doctor's Bus. Serv., Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986). Three exceptions to the premises rule permit compensability of injuries occurring off-premises: "(1) special hazards on normal route; (2) travel between two parts of employer's premises; and (3) area where injury occurred actually used by the employer for his purposes." Id. Claimant asserts exceptions (2) and (3) apply. Our review indicates neither exception applies.
The "travel between" exception does not apply because Claimant was not, at the time he went to the lunch truck, traveling between General Labor's office and the job site. "Travel between" means active engagement in travel from one job site to another that is "necessarily incident to performance of the employee's job responsibility." Evans v. Handi-Man Temp. Servs. & Riscorp, 710 So.2d 132, 134 (Fla. 1st DCA 1998); see Doctor's Bus., 498 So.2d at 665 (holding accident compensable where claimant slipped on a public sidewalk while walking from the employer-owned parking lot to the employer's office); Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981) (holding accident compensable where claimant was assaulted while crossing a public alley between her employer's building and the parking lot leased by the building). Here, Claimant *1110 was not "traveling between" because he was not obligated to be at General Labor before arriving at Symons, as he was not the driver and did not pick up the time ticket.
Similarly, the "area ... used by the employer for his purposes" exception does not apply because there is no evidence General Labor habitually used the strip mall parking lot for a special purpose, controlled it or excluded others from it. This exception applies when the area is under the employer's control or habitually used for a purpose special to the employer. See Sec. Bureau, Inc. v. Alvarez, 654 So.2d 1024 (Fla. 1st DCA 1995) (holding accident not compensable where claimant shut her finger in a car door after parking in a public lot before going to work across the street, because there was no evidence the accident location was "under some control or subject to some special use by the employer"); Ocean Pavilion v. Betancourt, 578 So.2d 467 (Fla. 1st DCA 1991) (holding accident not compensable where claimant was bicycling to work when hit by a co-worker's truck on a service road immediately adjacent to the workplace entrance, because there was no evidence the employer "ever modified, closed, or controlled the service road, or habitually used the service road for extra parking"). Here, although General Labor paid the drivers to transport workers to the job site, it never required the workers to rendezvous in the parking lot and it had room for them to wait inside the office had the workers chosen to do so.

CONCLUSION
Because the exceptions to the premises rule do not apply here, Claimant was not injured within the course and scope of employment. Consequently, Claimant is not entitled to relief. The JCC's order denying compensability is AFFIRMED.
LEWIS, and ROBERTS, concur; KAHN, J., concurs in result with opinion.
KAHN, J., concurring in result.
I concur in the conclusion of the court because claimant Silva was in no way serving the employer at the time of his tragic and unfortunate injury. His presence in the strip mall parking lot was, in the legal sense, nothing more than happenstance because he was, on the day in question, a voluntary rider in the carpool driven by Martinez. No evidence before the Judge of Compensation Claims shows that claimant and Martinez operated a joint enterprise to transport other employees to the job location at Symons. Because claimant was merely on his way to work, I have not engaged in an analysis of the exceptions to the premises rule.
NOTES
[1] Claimant does not argue, and the facts do not indicate, that the parking lot was part of General Labor's premises.