23 N.J. Super. 79 (1952)
92 A.2d 513
E. FRANCES BRIGGS, PETITIONER-RESPONDENT,
v.
PASSAIC BOARD OF EDUCATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided November 19, 1952.
*80 Before Judges FREUND, STANTON and CONLON.
Mr. George F. Lahey, Jr., argued the cause for the defendant-appellant (Messrs. Lahey & Gockeler, attorneys).
Mr. Martin Klughaupt argued the cause for the petitioner-respondent.
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
The defendant, Passaic Board of Education, appeals from a judgment of the Passaic County Court affirming a workmen's compensation award in favor of the plaintiff E. Frances Briggs, who was employed by the defendant as the principal of the Jefferson School, on Van Houten Avenue, between Broadway and Hillside Way, in the City of Passaic. The school occupies the entire block on Van Houten Avenue, except for a private house located at the corner of Hillside Way and Van Houten Avenue. The main entrance to the school is on Van Houten Avenue, but there is a boys' and janitors' entrance on Hillside Way. The school does not have a playground and accordingly Hillside Way is designated as a school street and is closed to traffic during school hours. Among the plaintiff's duties *81 was the supervision and maintenance of the play street, the school buildings, grounds and employees, including the janitors.
On January 31, 1951 rain, snow and sleet had been falling for some hours. The plaintiff reported for duty at the school at about 8:15 A.M., supervised the opening of the school and then, discovering she had forgotten her glasses, at about 8:45 A.M. she returned to her home, obtained the glasses and went back to the school. After parking her car she was walking along Hillside Way toward the janitors' entrance in order to direct them to resand the sidewalks, when she fell on the icy sidewalk sustaining injuries to her hip.
The defendant argues that because the injury occurred while the plaintiff was on "an icy public sidewalk abutting the school," under the rule expounded in Gullo v. American Lead Pencil Co., 119 N.J.L. 484 (E. & A. 1937), the injury did not arise out of and in the course of her employment. We think, however, that the facts are patently distinguishable. In that case the plaintiff was injured on the public sidewalk at a time before her employment began. Mr. Justice Lloyd said:
"At the moment of the accident the respondent was not in employment. The time and place were her own; she could proceed or turn back. She was in no sense in the service of the employer at the moment."
He therefore held that the injury to the plaintiff did not arise out of and in the course of her employment, because the employment in the terms of the statute had not yet begun.
Here, however, the sidewalk abutting the school, where the plaintiff's mishap occurred, was, for the purpose of her supervision, as much a part of her employer's premises as the school building itself. The fact that sometime prior to her fall she had left the premises for the purposes of securing her glasses is immaterial, for at the time of her *82 injury her personal errand had been fully accomplished. Assuming arguendo that during the interval while she was enroute to and from her home she was not engaged in her employer's service, having completed her errand, she had resumed her employment; hence, her injury arose out of and in the course thereof, and is compensable. Cossari v. L. Stein & Co., 1 N.J. Super. 39 (App. Div. 1948); Bradley v. Danzis Pharmacy, 5 N.J. Super. 330 (App. Div. 1949).
The judgment of the Passaic County Court is affirmed.