In the Matter of the Claim of MAE WATSON, Respondent, *v.* AMERICAN CAN COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 13, 1965.

*Anne M. Powell* and *Joseph Dean Edwards* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*J. J. Keenan* for claimant-respondent.

TAYLOR, J. A self-insured employer appeals from a decision and award of workmen's compensation on the ground that claimant's injuries did not arise out of and in the course of employment.

Claimant, employed as a matron in its plant, received a fixed weekly salary for her services which was paid by the check of the employer. Her daily half-hour lunch period began at 11:30 A.M. Having received her paycheck on the morning of June 8, 1961, which was a regular payday, she proceeded shortly after her lunchtime began to a bank about two blocks distant for the purpose of cashing it. While returning to the plant and at a point 125 feet distant from its entrance, she was struck and injured by a vendor's pushcart.

It appears that for many years the employer had paid the wages of its employees in cash. Later it obtained the approval of the Industrial Commissioner to make such payments by check

and made special arrangements with a nearby bank to cash them upon the presentation of an identification card which it furnished. To facilitate the check-cashing process the bank pursuant to an agreement with the employer increased the number of its tellers between the hours of 11:30 A.M. and 1:00 P.M. on fixed paydays to accommodate employees who worked the first shift, remained open one hour beyond the usual closing time for the convenience of those employed on the second shift and opened one hour earlier to oblige workers of the third shift. The change in the method of payment from cash to check followed a payroll robbery and was accomplished over strenuous objection by the labor union representing the employees based on the inconvenience which would result in an area where numerous industrial plants but few banks were located. While no extra time allowance was formally granted to those who cashed their checks during the lunch period, there was unrefuted testimony that the company had agreed with the bargaining agent that as to employees who had so used the provided banking facility it "would look the other way" if their tardiness in returning to the place of employment "was just a little matter of a few minutes."

On this record it could be found that claimant's mealtime journey to the bank was undertaken in part for the benefit and advantage of the employer deriving from a company policy to pay its employees by check instead of cash. In these circumstances the activity was sufficiently related to the employment to take the case out of the settled rule that an employee injured while away from his employer's premises during an assigned lunch hour is not entitled to workmen's compensation. (*Matter of Goldberg* v. *Gold Medal Farms,* 18 A D 2d 951; *Matter of Younger* v. *Motor Cab Transp. Co.,* 260 N. Y. 396; *Matter of Bollard* v. *Engel,* 278 N. Y. 463, 466.)

The decision should be affirmed.

GIBSON, P. J., HERLIHY and AULISI, JJ., concur with TAYLOR, J.; REYNOLDS, J., dissents, and votes to reverse, on the ground that claimant's injuries did not arise out of and in the course of employment.

Decision affirmed, with costs to the Workmen's Compensation Board.