■ In the Matter of the Claim of PAUL SINGER, Respondent, v. RICH MARINE SALES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board. Claimant was employed by the employer at his marine sales. On November 5, 1963 after eating his lunch

in employer's plant, claimant spent the remaining 15 minutes of his half-hour lunch break playing catch football with a fellow employee on Dunn Street. While returning to work, at the end of the lunch period, he fell at the curb of the sidewalk immediately adjacent to the employer's premises and fractured his ankle. The board found that the sidewalk on which claimant fell was within the precincts of the employment. Appellant denies this and asserts that the accident did not arise out of and in the course of employment. We do not agree and believe there is substantial evidence in the instant record to support the board's determination. The area in question was a dead end street with only the employer's premises and one other located thereon. The general public used the street only in connection with these premises and snow and trash removal was carried out by these two abutting owners. Regardless of whether or not the street was within the precincts of the employment, the sidewalk was. The employer actually stored boats on the sidewalk, claimant almost hitting one when he fell. The award is well supported by precedent (see, e.g., *Matter of Evans* v. *J. W. Mays*, 25 A D 2d 597, mot. for lv. to app. den. 17 N Y 2d 423, and cases there cited; *Matter of Brienza* v. *Le Chase Constr. Corp.*, 17 A D 2d 83). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.