■ In the Matter of the Claim of Sheila Flamholtz, Respondent, v. Byrde, Richards & Pound, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 6, 1970. Claimant, a secretary, left the office on her lunch break to cash her bimonthly salary check at a bank about two blocks away. She planned to extend her lunch hour about 15 minutes so that the check cashing procedure could be accomplished. On the way to the bank she slipped, injuring her coccyx and buttocks. The board found that "at the time claimant fell and injured herself on February 29, 1968, she was using extra time permitted to cash her pay check and that the incident came within the scope of the employment. It is therefore found that accident arising out of and in the course of employment is established". There is substantial evidence to support the decision of the board. Where a lunch-time journey is under-

taken because of a special arrangement made by the employer, partly for his own advantage, and partly to accommodate the employee, an accident occurring during this period is considered to be sufficiently related to the employment to be compensable (see *Matter of Watson* v. *American Can Co.*, 23 A D 2d 423, affd. 18 N Y 2d 758; Labor Law, § 195). There are sufficient indicia of a relationship between the employment and the errand to this particular bank upon which to predicate a finding in favor of claimant. Appellant gave its employees signature cards to facilitate check cashing at the bank. It is clear that appellant's practice of paying by check had been instituted by it partly for its own benefit since, in the words of its chief operating officer, Mr. Finkels, " the bookkeeper would have to carry too much cash with her ". Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.