■ In the Matter of the Claim of GEORGE TEAGUE, Respondent, v ROCKVILLE RECONDITIONING CENTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 29, 1976. Claimant was injured in an automobile accident while on route from his inside employment to the nearby bank with which the employer had arranged a system to facilitate cashing paychecks. It was the employer's policy to allow its employees to leave for lunch early on payday to go to the particular bank. In *Matter of Flamholtz v Byrde, Richards & Pound* (37 AD2d 645) the claimant fell during a lunchtime trip to a local bank at which her employer had a paycheck cashing arrangement. The claimant had left work 15 minutes early to cash her check. This court ruled that the injuries suffered were in the course of employment. The case at bar cannot be distinguished. Although claimant failed to give the written notice required by section 18 of the Workmen's Compensation Law, the employer had actual notice of the accident on the very day it occurred. It was therefore within the discretion of the board to excuse the absence of written notice (Workmen's Compensation Law, § 18; *Matter of Kenny v County of Nassau,* 58 AD2d 696). The failure of either the referee or the board to explain the reason for excusing

the notice requirement does not warrant reversal. Unlike the case relied on by the appellants, *Matter of Zraunig v New York Tel. Co.* (32 AD2d 686), the employer herein had actual notice, thus making the basis of the board's finding of no prejudice obvious. *Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier.* Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.