416 So.2d 856 (1982)
Colleen PETROSKE, Appellant,
v.
WORTH AVENUE BURGER PLACE & Corporate Group Services, Appellees.
No. AG-67.
District Court of Appeal of Florida, First District.
July 13, 1982.
*857 Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellant.
Harry D. Robinson, West Palm Beach, for appellees.
WENTWORTH, Judge.
This workers' compensation claimant appeals an order of the deputy commissioner finding that her injury was the result of a non-compensable accident. We reverse.
The claimant fell and was injured when she stepped in a pothole in the driveway abutting the employer's place of business. This driveway led to the rear entrance of the place of employment and the accident occurred just as claimant was about to enter the building through that door, as was her normal custom.
The deputy commissioner found that the "special hazard" exception to the "going and coming rule"[1] did not apply because the driveway was not owned by the employer and was used by other tenants in the building which housed the employer's business. He also stated that the special hazard doctrine did not apply because the driveway was not the sole route to the place of employment, since the claimant could have entered through the front door.
Whether or not the route on which the accident occurred was the sole means of ingress and egress to the place of employment has no conclusive bearing on whether or not the special hazard doctrine is applicable. Naranja Rock v. Dawal Farms, 74 So.2d 282 (Fla. 1954). Nor does the fact that the accident occurs on a site leased by the landlord and shared with other tenants, in and of itself, preclude compensability. Stone v. Tuscawilla Club, 7 FCR 345 (1973). *858 The decisive factor in determining the applicability of the special hazard doctrine in this case is the fact that the special hazard existed on an access route serving primarily to provide entry and exit to the place of employment. See Naranja.
The finding of non-compensability is reversed and the cause is remanded for further proceedings consistent with this opinion.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Generally, injuries sustained while going to or coming from work are not considered to have arisen out of, and in the course of, employment. El Viejo Arco Iris, Inc. v. Tusces, 395 So.2d 225 (Fla. 1st DCA 1981).