578 So.2d 467 (1991)
OCEAN PAVILION and Atlas General Agency, Appellants,
v.
Victor BETANCOURT, Appellee.
No. 90-1727.
District Court of Appeal of Florida, First District.
April 23, 1991.
*468 H. George Kagan of Miller, Kagan & Chait, P.A., Deerfield Beach, for appellants.
Barry A. Stein and Kathleen L. Spalding of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellee.
SMITH, Judge.
The employer/carrier (E/C) appeal an order of judge of compensation claims (JCC) awarding benefits. At issue in this case is the JCC's previous determination that claimant's injury was compensable within either of two exceptions to the going and coming rule. The JCC found the injury compensable, first, on the theory that a special hazard existed on the normal route claimant was required to take to work; and secondly, that the area where the injury occurred was so used by the employer for its own purposes that it became "quasi-company property". We find insufficient evidence to support compensability on either theory, and reverse.
Claimant, the head doorman for the Ocean Pavilion Apartment Hotel, was riding his bicycle to work, which was his usual custom, when he was hit from behind by a pick-up truck being driven by a coemployee, also on his way to work. The accident occurred a few minutes before 8:00 A.M. on a service road immediately adjacent to the entrance to the hotel as claimant was nearing the driveway of the hotel. The claimant estimated he was about six feet from the beginning of the main entrance when he was struck. The coemployee, Israel Perez, who hit claimant, did not testify, either live or by deposition.
A traffic engineer testified in behalf of the claimant that the hotel entrance presented a number of hazards. First, the sidewalk and curbing were all the same flat red color. According to the engineer, good engineering practices require that the curbs between driveways be painted yellow, so that a driveway can be more easily distinguished by drivers who might otherwise overshoot it or have to make a quick, hazardous turn in order to enter the driveway. Next, he opined the area was hazardous because there were no "no parking" signs on the service road. The lack of "no parking" signs caused cars and trucks to park along the service road, thereby obstructing a motorist's view of the main driveway and causing vehicles to make sudden, dangerous turns into the driveway. Finally, the turning radius on the main driveway was inadequate, which meant that motorists would either run over the curb or swing off to the other side of the driveway in order to make the turn. In addition to this testimony, claimant testified that many automobile accidents had occurred in the area during the four to five years he had worked as a doorman at Ocean Pavilion.
Florida Workers' Compensation case law recognizes, as argued by claimant, that where there is a special hazard on a route normally used by an employee as a means of entry and exit from his place of work, the hazards of that route become the hazards of the employment. Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla. 1954); Toyota of Pensacola v. Maines, 558 So.2d 1072 (Fla. 1st DCA 1990); and Petroske v. Worth Ave. Burger Place, 416 So.2d 856 (Fla. 1st DCA 1982). However, before a claimant is entitled to recover for his injuries, it is necessary for him to introduce evidence of a causal connection between his accident and the alleged special hazards of his employment. We agree with the E/C that while the traffic engineer in this case testified that the main entrance did not conform to sound engineering principles[1], neither the engineer nor any other witness connected the accident to any of the hazards identified. Regarding claimant's testimony that there were "many accidents" in this vicinity, there was no testimony that these accidents were in any way similar to his accident; *469 in other words, no showing that the particular hazard or hazards existing at the time of and contributing to the other accidents played any part in causing claimant's accident. In sum, there was no evidence that any special hazard caused the truck to hit claimant on his bicycle. In fact, other than claimant's testimony that he was struck by the truck, there is no evidence of just how the accident occurred, or what caused the driver of the truck to run into the claimant.
The cases relied upon by claimant are distinguishable. In Naranja, the claimant ran into a tree on an unimproved road which ran parallel to and adjoining the premises of Naranja; the tree was the special hazard of his employment. In Petroske, the claimant stepped in a pothole in the drive which abutted her employer's business and through which she normally entered to go to work; the pothole was the special hazard of her employment. In Maines, the claimant was involved in an automobile accident while entering a four-lane highway in front of the dealership where he worked. There was testimony that the stretch of highway in front of the dealership where the claimant was injured was very hazardous and that a very great percentage of accidents occurred while motorists were entering or exiting the highway, which was precisely the maneuver Maines was executing when he was injured. Unlike the cited cases, there is no testimony in this case, either from the claimant or the other coemployee involved in the accident, that the accident occurred as a result of any dangerous conditions associated with the act of entering the employer's premises. Thus, it cannot be said that the risks of employment, specifically, the allegedly dangerous entrance to the employer's premises, had anything to do with this accident. Since the claimant's familiarity with the entrance was established, and the coemployee's familiarity  in the absence of contrary evidence  must be assumed, there is no basis beyond mere conjecture to conclude that the alleged special hazards  the improperly marked driveway, lack of signs or inadequate turning radius  caused or contributed to the accident.
Finally, we find the evidence in this case is insufficient to demonstrate that the hotel so habitually utilized the service road that it became "quasi-company property,"[2] within the zone and environments of the employment. While the evidence establishes the claimant maintained and monitored the driveway to the main entrance of the hotel, and may have incidentally had contact with the service road, these occasional and relatively insubstantial contacts do not amount to habitual use or control of the service road. Thus, this exception to the going and coming rule does not apply. There was no evidence in this case that the hotel ever modified, closed, or controlled the service road, or habitually used the service road for extra parking. Compare Fernandez v. Consolidated Box Company, 249 So.2d 434 (Fla. 1971) (employer actually modified road); Briggs v. Passaic Board of Education, 23 N.J. Super. 79, 92 A.2d 513 (1952) (school closed area where accident occurred to traffic during school hours); and Singer v. Rich Marine Sales, 25 A.D.2d 801, 271 N.Y.S.2d 514 (1966) (employer used the sidewalk for storing boats).
REVERSED.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] We assume for purposes of discussion, but without deciding, that one or more of the defects specified would qualify as a special hazard of employment.
[2] The JCC applied this exception based upon his findings that claimant met bus tours which had to park on the street because they did not fit under the overhang in front of the hotel; he moved cars and trucks that were illegally parked; he maintained the driveways so that they were open to traffic; he cleaned debris from the area; and he roped off the entrance when necessary.