■ In the Matter of the Claim of PERRY GABRIELE, Appellant, v EDUCATIONAL BUS TRANSPORTATION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 289]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 26, 2003, which ruled that claimant did not sustain an accidental injury in the course of his employment.

After claimant was injured when he was struck by an automobile as he was crossing a public street during his lunch break, he applied for workers' compensation benefits. Finding that claimant had been engaged in a "dual purpose errand" at the time of the accident because he had stopped to cash his paycheck, a Workers' Compensation Law Judge awarded him benefits. The Workers' Compensation Board subsequently reversed that decision, prompting this appeal.

Inasmuch as there is substantial evidence to support the Board's determination that claimant's injuries occurred during an unpaid lunch break and, thus, were sustained outside the scope of his employment (*see Matter of Rose v Verizon N.Y.*, 304 AD2d 990, 990 [2003]; *Matter of Smith v City of Rochester*, 255 AD2d 863, 863 [1998]; *see also* Workers' Compensation Law § 10 [1]), we affirm. The record reveals that the employer

---

routinely allowed its employees to take 15 minutes during paydays to go to the bank and cash their paychecks without noting the absence on their timecard, but required employees to note their absence if going on an additional errand. On the day of the accident, claimant punched his timecard before leaving since he had intended to continue onto his lunch break after going to the bank. There is no dispute that claimant had already completed his errand with respect to his paycheck and was on his way either to or from a nearby deli when he was injured. Under these circumstances, we agree with the Board's conclusion that claimant's activities ceased to be work related and became personal in nature once he left the bank (*see Matter of Schuyler v City of Newburgh Fire Dept.*, 292 AD2d 702, 703 [2002]). Contrary to claimant's contention, neither the dual purpose exception nor the special errand exception is applicable in the instant case insofar as there is no evidence that the employer gained a benefit by allowing its employees to leave work to cash their paychecks, or that it otherwise required or encouraged them to do so (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 477 [1995]; *Matter of Carney v Regal Dry Cleaners*, 302 AD2d 702, 702-703 [2003]; *but see Matter of Flamholtz v Byrde, Richards & Pound*, 37 AD2d 645 [1971]; *Matter of Watson v American Can Co.*, 23 AD2d 423 [1965]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.