IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4080

DEBORAH EVANS,

     Appellant,

v.

HOLLAND & KNIGHT  AND
SENTRY INSURANCE,

     Appellees.

_____/

Opinion filed June 24, 2016.

An appeal from an order of the Judge of Compensation Claims.
Ellen H. Lorenzen, Judge.

Date of Accident: February 3, 2015.

Bill McCabe, Longwood, and John H. Thompson, IV, St. Petersburg, for Appellant.

William H. Rogner, Winter Park, for Appellees.


PER CURIAM.

In this workers' compensation case, Claimant argues that her February 3,

2015, accident was compensable upon application of either of two exceptions to the

going and coming rule.  Subsection 440.092(2), Florida Statutes (2014), provides

that "[a]n injury suffered while going to or coming from work is not an injury arising

out of and in the course of employment. . . ." Case law recognizes at least two exceptions to the going and coming rule, one of which is the premises exception. As this Court has stated:

> Under the premises rule, an injury sustained by an employee with fixed hours and place of work who is injured while going to or coming from work is in the course of employment if it occurred on the employer's premises and not if it occurred off the employer's premises.

Security Bureau, Inc. v. Alvarez, 654 So. 2d 1024, 1025 (Fla. 1st DCA 1995).

The other exception to the going and coming rule is the special hazards exception. In discussing that exception this Court has stated:

> If an accident is deemed to have occurred off-premises, an employee's injury is compensable if it is caused by a special hazard on a normal and customary route used by the employee as a means of entry to and exit from the employee's place of work. See Doctor's Bus. Serv., Inc. v. Clark, 498 So. 2d 659, 663 (Fla. 1st DCA 1986) (en banc).

Kramer v. Palm Beach Cty., 978 So. 2d 836, 838 (Fla. 1st DCA 2008).

Here, the Judge of Compensation Claims (JCC) concluded that neither exception applied, and we agree. Because competent substantial evidence supports the JCC's finding that Claimant's accident did not occur on the Employer's premises, we affirm. As the Court said in Alvarez, "We conclude that in absence of any evidence of actual domination or control by the employer over the parking lot and its use, this injury not compensable...." Id. at 1026.

Application of the special hazards exception presents a closer question. As was explained in Toyota of Pensacola v. Maines, 558 So. 2d 1072, 1075 (Fla. 1st

2

DCA 1990), there are two components to this analysis. "One is the presence of a special hazard at a particular off-premises location, and the second is the close association of the access route with the work premises." Id. The JCC found that Claimant's fall as she stepped onto a 12" diameter metal plate that was below ground level, located in the parking garage where Claimant parked using a parking pass provided her by her Employer, was a hazard to those exiting the garage on foot. These findings are not disputed.

We next examine the second component – whether there was a close association between the access route and the work premises. After a review of the evidence before her, the JCC concluded she could not find that the hazard in the parking garage existed on an access route in close association with Claimant's workplace premises. See Naranja Rock Co. v. Dawal Farms, Inc., 74 So. 2d 282 (Fla. 1954); Petroske v. Worth Ave. Burger Place, 416 So. 2d 856 (Fla. 1st DCA 1982). Our review of the record finds competent support for the JCC's conclusion.

Accordingly, because Claimant's accident did not qualify under either exception to the going and coming rule, that rule bars her recovery.

AFFIRMED.

MAKAR and BILBREY, JJ., CONCUR, and ROWE, J., CONCURS, WITH OPINION.

3

ROWE, J., concurring.

I concur with the majority's decision to affirm the JCC's denial of benefits in this case. I write to further explain why the special hazard exception does not apply to these facts.

As part of her employment, Claimant had the option of receiving a monthly parking stipend or receiving an access pass to a public parking garage owned by the City of Tampa.[1] The Employer did not own, lease, maintain, or operate the parking garage or any space therein. Claimant chose the access pass, which merely granted her access to parking on a first-come, first-served basis. The parking garage was approximately three blocks or a ten-minute walk from the Employer's offices. The Employer never instructed its employees to take a specific route from the parking garage to the offices. On February 3, 2015, Claimant parked on the ramp going into the parking garage. As she was walking down the ramp, which was designed for use by vehicles and not pedestrians, Claimant stepped on a uneven plate covered in leaves and dirt that caused her to fall and fracture her right ankle. As explained in the majority opinion, the JCC found that this accident did not fall under the special hazard exception because the location of the hazard lacked a close association with

---

[1] A representative of the Employer testified that Claimant had the option to receive a monthly parking stipend, instead of the public garage access pass, which she could have used to pay for parking at any location of her choice. The fact that Claimant denies knowledge of this option is of no import to this opinion.

4

access into or out of the Employer's offices.

An injury to an employee that occurs at an employer's office or an employer-owned parking lot is compensable under the premises rule. See Ryan v. Boehm, Brown, Rigdon, Seacrest & Fischer, 673 So. 2d 494 (Fla. 1st DCA 1996). An injury that occurs to an employee as a result of a special hazard while the employee is traveling between two employer premises is also compensable under the premises rule. See Doctor's Bus. Servs., Inc. v. Clark, 498 So. 2d 659 (Fla. 1st DCA 1986); Jenkins v. Wilson, 397 So. 2d 773 (Fla. 1st DCA 1981). Absent travel between two employer premises, the special hazard exception applies only to a special hazard contiguous to the employer's premises when the special hazard must be traversed to gain ingress and egress to the employer's premises. See Petroske v. Worth Ave. Burger Place, 416 So. 2d 856 (Fla. 1st DCA 1982); Naranja Rock Co. v. Dawal Farms, 74 So. 2d 282 (Fla. 1954). The question before the JCC, and now this Court, is whether Claimant's injury is encompassed within this last category of cases.

As applicable to these facts, the special hazard exception provides: "Where there is a special hazard on a normal route used by an employee *as a means of entry to and exit from his place of work*, the hazards of that route under appropriate circumstances become the hazards of the employment." Naranja Rock Co, 74 So. 2d at 286 (emphasis added). To establish that an accident occurred as a result of a

5

special hazard, the employee must show: "(1) the presence of a special hazard at a particular off-site location, and (2) close association of the access route to the work premises." Kramer v. Palm Beach Cty., 978 So. 2d 836, 838 (Fla. 1st DCA 2008). In this case, the JCC correctly found that Claimant failed to establish the second prong of this exception.

The special hazard exception applies only "when a court has satisfied itself that there is a distinct 'arising out of' or causal connection between the conditions under which claimant *must approach and leave the premises* and the occurrence of the injury . . . ." Maas Bros. v. Peo, 498 So. 2d 657, 659 (Fla. 1st DCA 1986) (emphasis added). Moreover, the applicability of the special hazard doctrine is controlled by whether "the special hazard existed on an access route serving primarily to provide *entry and exit to the place of employment*." Petroske, 416 So. 2d at 858 (emphasis added). Therefore, the focus of the exception is whether there is a special hazard closely associated with an entrance or exit to an employer's premises.

A review of the cases applying the special hazard exception demonstrates that the close association requirement has not been extended beyond conditions located in close proximity to the entry and exit of the place of employment. In Petroske, a pothole in the driveway abutting the employer's place of business and near the rear entrance of the building was held to be a special hazard. Id. at 857. In Maas

6

Brothers, the special hazard - a chalk line that caused an employee to trip and fall - was located in a parking lot that was next to the employer's business. 498 So. 2d at 658. In Toyota of Pensacola v. Maines, 558 So. 2d 1072, 1073 (Fla. 1st DCA 1990), the employee was injured on a particularly dangerous stretch of highway in front of his place of employment. Because this stretch of highway was "practically contiguous" to his place of employment, we found that his accident was compensable under the special hazard exception. Id. at 1076.

This same close association between the entry to and exit from the employer's premises was also present in our decision in Kramer. There, the employee was injured when he tripped over a pile of debris that was in the path between a nearby shopping center where he parked and his place of employment. 978 So. 2d at 838. Although the shopping center was not the employee's designated parking area, the majority of the employees parked in that area, and this Court considered the path from the shopping center to be the usual means of access to the employer's offices. Id. at 839.

Here, the hazard, an uneven plate, was located on a route that primarily provided entry to and exit from the parking garage, not entry to and exit from Claimant's place of employment. Furthermore, the hazard was at a location that was a ten-minute walk from the Employer's offices. Because the special hazard was not located on an access route serving primarily to provide entry and exit to the

7

Employer's offices, the JCC properly found that Claimant's injury was not compensable. Extending the special hazard exception to these facts is simply more than the law will allow.