*552 PER CURIAM.
In this workers’ compensation . case, Claimant argues that her February 3, 2015, accident was compensable upon application of either of two exceptions to the going and coming rule. Subsection 440.092(2), Florida Statutes (2014), provides that “[a]n injury suffered while going to or coming from work is not an injury arising out of -and in the course of employ-ment_” Case law recognizes at least two exceptions to the going and coming rule, one of which is' the premises exception. Asfhis-Court has stated:
Under the premises -rule, an injury sustained by an employee with .fixed hours and place of work who is injured while going to or coming from work is in the course of employment if it occurred on the employer’s premises and not if it occurred off the employer’s premises.
Security Bureau, Inc. v. Alvarez, 654 So.2d 1024, 1025 (Fla. 1st DCA 1995).
The other exception to the going and coming rule is the special hazards exception. In discussing that exception this Court has stated:
If an accident is deemed to have occurred off-premises, an employee’s injury is compensable if it is caused by a special hazard on a normal and customary route used by the employee as a means of entry to and exit from the employee’s place of work. See Doctor’s Bus. Serv., Inc. v. Clark, 498 So.2d 659, 663 (Fla. 1st DCA 1986) (en banc).
Kramer v. Palm Beach Cty., 978 So.2d 836, 838 (Fla. 1st DCA 2008).
Here, the Judge of Compensation Claims (JCC) concluded that neither exception applied, and we agree. Because competent substantial evidence supports the JCC’s finding that Claimant’s accident did not occur on the- Employer’s premises, we affirm. As the Court said in Alvarez, “We conclude that in absence of any evidence of actual domination or control by the employer over the parking lot and its use, this injury not compensable....” Id, at 1026. ■
Application of the special hazards exception presents a closer question. As was explained in Toyota of Pensacola v. Maines, 558 So.2d 1072, 1075 (Fla. 1st DCA 1990), there are two components to this analysis. “One is the presence of a special hazard at a particular off-premises location, and the second is the close association of the access route 'with the work premises.” Id. The JCC found that'Claimant’s fall as she stepped onto a 12" diameter metal plate that was below ground level, located in the parking garage where Claimant parked using a parking pass provided her by her Employer, was a hazard to those exiting the garage on foot. These findings are not disputed.
We next examine the second component — whether there was a close association between the access route and the work premises. After a review of the evidence before her, the JCC. concluded she could not find that the hazard in the parking garage existed on an access route in'close association-with Claimant’s workplace premises.1 See Naranja Rock Co. v. Dawal Farms, Inc., 74 So.2d 282 (Fla.1954); Petroske v. Worth Ave. Burger Place, 416 So.2d 856 (Fla. 1st DCA 1982). Our review of the' record finds competent support for the JCC’s conclusion.
Accordingly, because Claimant’s accident did not qualify under either exception to the going and coming rule, that rule bars her recovery.
AFFIRMED.
MAKAR and BILBREY, JJ„ CONCUR, and ROWE, J., concurs, with opinion.