*553 ROWE, J.,
concurring,
I concur with the majority’s decision to affirm the 'JCC’s denial of benefits in this case. I write to further explain why the special hazard exception does not apply to these facts.
As part of her employment, Claimant had the option of receiving a monthly parking ' stipend or receiving • an access pass to a public parking garage- owned by the City of Tampa.[1] The Employer did not own, lease, maintain, or operate the parking garage or any space therein. Claimant chose the' access pass, which merely granted her access to parking on a first-come, first-served basis. The parking garage was approximately three blocks or a ten-minute walk from the Employer’s offices. The Employer never instructed its employees to take a specific route from the parking garage to the offices. On February 3, 2015, Claimant parked on the ramp going into the parking garage. As she was walking down.the ramp, which was designed for use by vehicles and not pedestrians, Claimant stepped on a uneven plate . covered in leaves and dirt that caused her to fall and fracture her right ankle. As explained in the majority opinion,’ the JCC found that this accident did not fall under the special hazard exception because the location of the hazard lacked a close association with access into or out of the Employer’s offices.
An injury to an employee that occurs at an employer’s office or an employer-owned parking lot is compensable under the premises rule. See Ryan v. Boehm, Brown, Rigdon, Seacrest & Fischer, 673 So.2d 494 (Fla. 1st DCA 1996). An injury that occurs to an employee as a result of a special hazard while the employee is traveling between two employer premises is also com-pensable' under the premises rule. See Doctor’s Bus. Servs., Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986); Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981). Absent travel between two employer premises, the special hazard exception applies only to a special hazard contiguous to the employer’s premises when the special hazard must be traversed to gain- ingress and egress to the employer’s premises. See Petroske v. Worth Ave. Burger Place, 416 So.2d 856 (Fla. 1st DCA 1982); Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla.1954). The question before the JCC, and now this Court, is whether Claimant’s injury is encompassed within this, last category of cases.
As applicable to these facts, the special hazard exception provides: “Where there is a special hazard on a normal route used by an employee as a means of entry to and exit from, his place of work, the hazards of that route under appropriate circumstances become, the hazards of the employment.” Naranja Rock Co., 74 So.2d at 286 (emphasis added). To establish that an .accident occurred as a result of a special hazard, the employee must show: “(1) the presence, of a special hazard at a particular off-site location, and (2) close association of the access route to the work premises,” Kramer v. Palm Beach Cty., 978 So.2d 836, 838 (Fla. 1st DCA 2008). In this case, the JCC correctly found that Claimant failed to establish the second prong of this exception.
The special hazard exception applies only “when a court has satisfied itself that there is a distinct ‘arising out of or causal connection between the conditions under which claimant must approach and leave *554 the premises and the occurrence of the injury....” Maas Bros. v. Peo, 498 So.2d 657, 659 (Fla. 1st DCA 1986) (emphasis added). Moreover, the applicability of the special hazard doctrine is controlled by whether “the special hazard existed on an access route serving primarily to provide entry and exit to the place of employment.” Petroske, 416 So.2d at 858 (emphasis added). Therefore, the focus of the exception is whether there is a special hazard closely associated with an entrance or exit to an employer’s premises.
A review of the cases applying the special hazard exception demonstrates that the close association requirement has not been extended beyond conditions located in close proximity to the entry and exit of the place of employment. In Petroske, a pothole in the driveway abutting the employer’s place of business and near the rear entrance of the building was held to be a special hazard. Id. at 857. In Maas Brothers, the special hazard — a chalk line that caused an employee to trip and fall— was located in a parking lot that was next to the employer’s business. 498 So.2d at 658. In Toyota of Pensacola v. Maines, 558 So.2d 1072, 1073 (Fla. 1st DCA 1990), the employee was injured on a particularly dangerous stretch of highway in front of his place of employment. Because this stretch of highway was “practically contiguous” to his place of employment, we found that his accident was compensable under the special hazard exception. Id. at 1076.
This same close association between the entry to and exit from the employer’s premises was also present in our decision in Kramer. There, the employee was injured when he tripped over a pile of debris that was in the path between a nearby shopping center where he parked and his place of employment. 978 So.2d at 838. Although the shopping center was not the employee’s designated parking area, the majority of the employees parked in that area, and this Court considered the path from the shopping center to be the usual means of access to the employer’s offices. Id. at 839.
Here, the hazard, an uneven plate, was located on a route that primarily provided entry to and exit from the parking garage, not entry to and exit from Claimant’s place of employment. Furthermore, the hazard was at a location that was a ten-minute walk from the Employer’s offices. Because the special hazard was not located on an access route serving primarily to provide entry and exit to the Employer’s offices, the JCC properly found that Claimant’s injury was not compensable. Extending the special hazard exception to these facts is simply more than the law will allow.

. A representative of the Employer testified that Claimant had the option to receive a monthly parking stipend, instead of the public garage access pass, which she could have used to pay for parking at any location of her choice. The fact that Claimant denies knowledge of this option is of no import to this opinion. . ■