IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTINE QUINN,

     Appellant,

v.

CP FRANCHISING, LLC,
CRUISE PLANNERS, INC.
(MLM PLANNERS, INC.) and
ZENITH INSURANCE
COMPANY,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0257

Opinion filed October 13, 2016.

An appeal from an order of the Judge of Compensation Claims.
Daniel A. Lewis, Judge.

Date of Accident: May 1, 2015.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Thomas F. Scully, Sarasota, for Appellees.

PER CURIAM.

     Claimant challenges a final order of the Judge of Compensation Claims (JCC) that found her trip and fall in a parking lot adjacent to her employer's leased place of business did not arise out of or in the course and scope of her employment. The

JCC, in a well-reasoned order, determined that none of the exceptions to the "going and coming" rule apply, and thus the injury was not compensable. We affirm. See Evans v. Holland & Knight, 194 So. 3d 551 (Fla. 1st DCA 2016) (holding that parking lot neither owned, maintained, nor controlled by the employer is not part of employer's premises for purpose of workers' compensation).

With regard to injuries that occur off of the employer's premises while the employee is going to or returning from her regular place of work, case law instructs that such injuries generally do not arise out of or in the course of employment and are not compensable. This rule is known as the "going and coming" rule. Doctor's Bus. Serv., Inc. v. Clark, 498 So. 2d 659, 662 (Fla. 1st DCA 1986). As stated in Ryan v. Boehm, Brown, Rigdon, Seacrest & Fischer, 673 So. 2d 494, 495 (Fla. 1st DCA 1996):

> As a general rule, "the hazards encountered by an employee while he is going to, or returning from, his regular place of work are not ordinarily incidental to the employment, and injuries resulting from such hazards do not arise out of and in the course of the employment." Doctor's Business Service, Inc. v. Clark, 498 So. 2d 659, 662 (Fla. 1st DCA 1986) (en banc). This principle is generally characterized as a "going and coming" rule.

(Internal citations omitted.)

The "going and coming" rule is subject to a number of exceptions, however. Three notable exceptions are where (1) special hazards exist on the normal route; (2) the employee travels between two parts of the employer's premises; and (3) the area

2

where the injury occurred was used by the employer for the employer's purposes. Id. at 496. The last listed exception is known as the "special use" rule.

We review the facts in this case to determine whether any of the exceptions are applicable. Claimant tripped and fell in a parking lot adjacent to her place of employment. The JCC reviewed photographs of the area where Claimant fell. He found the following:

> The photographs depict a groove or separation between the asphalt surface of the parking lot and the concrete curb. From the photographs, this groove appears to be present throughout the parking lot wherever the concrete and asphalt meet. There appears to be nothing unusual or out of the ordinary with respect to the parking lot surface where the claimant fell. Specifically, there are no potholes, construction lines, piles of debris or hazards of that nature.

Based on the evidence, the JCC found no special hazard led to the accident, a finding correctly conceded by Claimant to be supported by competent, substantial evidence.

Thus, the issue before us is whether the employer had sufficient control of the area where Claimant fell in order for the area to be considered either part of the employer's premises or an area that was actually used by the employer for its purposes.

In the instant case, the parking lot in question was not leased by the employer. The employer was not assigned any specific parking spaces within the lot where the fall occurred. Instead, the employer, pursuant to its lease agreement for its office space, was allotted 32 unassigned parking spaces for its non-exclusive use. While

3

the employer paid a fee to the landlord for maintenance of the common areas of the leased premises, there is no showing that the employer exercised any control over the maintenance or how the fee was applied to the parking area.

Based on these facts, the JCC correctly found the employer had insufficient control of the parking lot either for the lot to be considered part of the employer's premises or for the employer's use of that lot to be considered a "special use."  The JCC stated:

> In the instant case, the parking lot in question was open to and used by the public.  No evidence was presented that the lot was used by the employer or its employees in any way materially different from the public in general or that the employer excluded others from it. Silva vs. General Labor Staffing Services, Inc., 995 So. 2d 1107 (Fla. 1st DCA 2008) (holding the "area used by the employer for his purposes" exception did not apply because there was no evidence the employer habitually used the parking lot for a special purpose, controlled it or excluded others from it. As stated by the Appellate Court in that case, the exception applies when the area is under the employer's control or habitually used for a purpose special to the employer).

The JCC's reasoning is supported by our recent case of Evans, 194 So. 3d 551.  We find the facts of that case materially indistinguishable.

AFFIRMED.

WOLF, ROWE, and MAKAR, JJ., CONCUR.

4